HUGH C. WALLACE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILDRED F. WALLACE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36281, 36282. Promulgated September 23, 1929.

*Hugh C. Wallace* and *Mildred F. Wallace* pro sese.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

LITTLETON: The petitioners, for the taxable years in question, paid taxes to the Republic of France as indicated in our findings of fact, and contend that the taxes so paid are income taxes and should be allowed as credits against income taxes due the United States for the same respective years, and not simply allowed as deductions from gross income in determining petitioners' taxable net income.

The Commissioner insists that the taxes so paid France are not *income* taxes and for that reason may not be deducted as a credit against the taxes paid by petitioners to the United States during the taxable years in question. The Commissioner further insists that petitioners having derived no income from sources without the United States during the taxable years, are not entitled to credit the taxes then paid by them to the French Government, against the taxes due the United States, even though the taxes so paid the French Government are, in fact, income taxes.

We are of the opinion, and so hold, that taxes paid to the Republic of France for the years in question are income taxes as that term is used in section 222 of the revenue acts.

We are of the opinion, however, that the petitioners are not entitled to credits against income taxes due the United States as claimed by them, because petitioners received, during the taxable years involved, no income from sources without the United States. Their stipulation of facts states:

\* \* \* They received no income from property, business or professions situated or carried on in France or in any other foreign country during any of said years and that their entire incomes were received in each of said years exclusively from sources within the United States.

To entitle them to credits as claimed, they must show that they have, for the taxable years, income from sources without the United States, and the proportion which such income bears to their entire net income, and they must further show that the credit for the

taxes paid to the Republic of France is not in excess of that same proportion of the tax due the United States.

In reaching this conclusion, it is only necessary to consider sections of revenue acts as follow:

Section 214 of the Revenue Act of 1921 provides:

(a) That in computing net income there shall be allowed as deductions:

\*  \*  \*  \*  \*  \*  \*

(3) Taxes paid or accrued within the taxable year except (a) income, war-profits, and excess-profits taxes imposed by the authority of the United States, (b) so much of the income, war-profits and excess-profits taxes, imposed by the authority of any foreign country or possession of the United States, as is allowed as a credit under section 222  \*  \*  \*.

Section 214 (a) (3) of the Revenue Acts of 1924 and 1926 is identical with the foregoing provision of the Revenue Act of 1921.

Section 222 (a) (1) of the Revenue Act of 1921 provides:

That the tax computed under Part II of this title shall be credited with:

(1) In the case of a citizen of the United States the amount of any income, war-profits and excess-profits taxes paid during the taxable year to any foreign country or to any possession of the United States.

Section 222 (a) (1) of the Revenue Act of 1924 provides:

In the case of a citizen of the United States the amount of any income, war-profits and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States.

Section 222 (a) (1) of the Revenue Act of 1926 is identical with the foregoing provision of the 1924 Act.

Section 222 (a) (5) of the Revenue Act of 1921 provides:

The above credits shall not be allowed in the case of a citizen entitled to the benefits of section 262; and in no other case shall the amount of credit taken under this subdivision exceed the same proportion of the tax, against which such credit is taken, which the taxpayer's net income (computed without deduction for any income, war-profits and excess-profits taxes imposed by any foreign country or possession of the United States) from sources without the United States bears to his entire net income (computed without such deduction) for the same taxable year.

Section 222 (a) (5) of the Revenue Act of 1924 provides that:

The above credits shall not be allowed in the case of a citizen entitled to the benefits of section 262 and in no other case shall the amount of credit taken under this subdivision exceed the same proportion of the tax (computed on the basis of the taxpayer's net income without the deduction of any income, war-profits, or excess-profits tax any part of which may be allowed to him as a credit by this section), against which such credit is taken, which the taxpayer's net income (computed without the deduction of any such income, war-profits, or excess-profits tax) from sources without the United States bears to his entire net income (computed without such deduction) for the same taxable year.

Section 222 (a) (5) of the Revenue Act of 1926 is identical with the foregoing provision of the Revenue Act of 1924.

As petitioners received no income from sources without the United States during the taxable years 1923 to 1926, inclusive, their cases do not come within the scope of the provisions of the laws quoted, entitling them to claim the amount of the taxes paid to the Republic of France, during the years 1923 to 1926, inclusive, as a credit against the tax due the United States.

The language of section 222 (a) (5) of the Revenue Act of 1921, limits the credit, if any, to which petitioners are entitled to an amount not in excess of the same proportion of the tax against which such credit is taken which the taxpayer's net income (computed without deduction for any income, war-profits and excess-profits taxes imposed by any foreign country or possession of the United States) from sources without the United States bears to his entire net income (computed without such deduction for the same taxable year).

The petitioner's net income from sources without the United States becomes the numerator and their entire net income becomes the denominator of the fraction used in determining the proportion set forth in that section, and in the absence of any numerator to be used in determining the proportion referred to in section 222 (a) (5), namely, income from sources without the United States (and as none in the instant case) there is, obviously, no credit that can be allowed by virtue of such provision of said section, and as there is no other provision of the law which authorizes the credit claimed, no credit for the taxes paid by the petitioners to the Republic of France for the taxable years can be allowed as a credit against the income taxes paid the United States during such years, 1923 to 1926, inclusive.

Reviewed by the Board.

*Judgment will be entered for the respondent.*