SPINKS REALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29879, 42185. Promulgated December 12, 1930.

*Raymond R. Hails, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

MARQUETTE: The parties hereto have agreed that the petition in Docket No. 42185 should be dismissed, in so far as it relates to the year 1925 and an order to that effect will be entered.

The first question presented is whether the depreciated cost to the petitioner of the frame building and equipment which were demolished and removed from the premises which the petitioner leased to Deuel and Scofield should be capitalized and deducted ratably by the petitioner over the term of the lease, as contended by the respondent, or deducted in 1923 as a loss sustained in that year, as claimed by the petitioner. The respondent relies on the decisions of this Board in *Charles N. Manning et al.*, 7 B. T. A. 286; *William Ward*, 7 B. T. A. 1107, and *Anahma Realty Corporation*, 16 B. T. A. 749 (affd., 42 Fed. (2d) 128), in which it was held that the unextinguished cost of certain buildings removed, or permitted to be removed, in order to obtain a long-term lease of the land on which the building was situated, represented cost to the lessor of such lease and should be deducted ratably over the term of the lease.

The petitioner urges, however, that the *Manning* case, which was approved and followed in the *Ward* and *Anahma Realty Co.* cases, was predicated on the fact that the income of the taxpayers from the property under the 99-year lease was considerably better than their income from the property prior to the execution of the lease, and also better than they had any prospect of securing elsewhere, and that their only motive in entering into the lease was that of bettering their income from the property. The petitioners further say that during the year 1923, and prior thereto, they had been advised that the authorities of Los Angeles considered the building then on their property a fire menace and contemplated condemnation proceedings, and that the property with the old building on it was capable of producing greater annual net revenue than the petitioner received under the 99-year lease.

Assuming that the *Manning* decision is susceptible of the narrow interpretation placed on it by the petitioner, it does not follow that the petitioner has placed itself outside of the scope of the case. The stipulated facts, which constitute the only evidence before us, show that the petitioner had been advised in 1923, and prior thereto, that its building was considered a fire menace by the authorities of Los Angeles, and that condemnation proceedings were contemplated, but they do not show that such proceedings were imminent or that they in any way induced or impelled the petitioner to enter into the 99-year lease which provided for the demolition of the building. Furthermore, the stipulated facts do not show that upon the execution of the 99-year lease the petitioner was in a less favorable position than it was before. It is true that the 99-year lease provided for a smaller annual rental than the petitioner could have secured for its frame building for the next five years, but it does not follow that a 99-year lease for $90,000 per year is less favorable than a 5-year lease on the same property at $113,000 per year. We are unable to see any essen-

tial difference between the facts of the instant proceeding and those of the cases cited, and we are of opinion that those decisions are decisive of this issue, and that the depreciated cost of the building and equipment in question represent cost to the petitioner of the 99-year lease and should be amortized over that period.

The only other question is whether the several amounts expended by the petitioner in connection with the negotiation of the 99-year lease should be deducted as ordinary and necessary business expenses or capitalized and deducted ratably over the period of the lease. The status of expenditures of this kind has been before the Board on a number of occasions and the conclusion has been definitely reached and announced that they are capital expenditures and should be amortized over the terms of the leases in connection with which they were made. *Bonwit Teller & Co.*, 17 B. T. A. 1019; *James M. Butler*, 19 B. T. A. 718; and *Evalena M. Howard*, 19 B. T. A. 865.

*Decision will be entered for the respondent.*