JOHN H. WATSON, JR., AND THE UNION TRUST COMPANY, TRUSTEES OF THE TRUST ESTATE OF JAMES W. CORRIGAN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80345. Promulgated March 23, 1937.

*John T. Scott, Esq.*, and *Robert W. Wheeler, Esq.*, for the petitioners.

*T. M. Mather, Esq.*, for the respondent.

#### OPINION.

LEECH: Respondent has determined a deficiency of $77.87 in income tax for the calendar year 1932 against the trust estate created by the will of James W. Corrigan, deceased. Petitioners are the trustees of that estate. The deficiency arises from the respondent's disallowance of a deduction of $35,308.52 out of a total of $37,896.32,

claimed by petitioners. This latter sum constituted compensation paid to the trustees in the taxable year for services in managing and conserving the trust estate.

The facts, formally stipulated by the parties, comprise our findings of fact. Briefly, these facts are that petitioners, during the calendar year 1932, were trustees of a trust estate created by the will of James W. Corrigan, deceased. The estate was large and the petitioners were given wide powers of management, control, sale, and reinvestment of the trust corpus. In the year 1932 the gross income of the trust estate was $762,640.85. All of this income except $56,018.64 was made up of interest on Federal and state obligations wholly exempt from income tax. The exact amount of the income and its sources are not in dispute. The trust was under the jurisdiction of the laws of Ohio and during the taxable year no statute of that state fixed the amount of compensation payable to the trustees. Under the law of that state, the Probate Court had jurisdiction to determine, within its discretion, the proper compensation to be paid to the trustees for services performed. This court, in that year, allowed the sum of $37,896.32, as compensation for all services performed in the management of the trust estate. The amount so allowed was paid to the petitioners from gross income of the estate. In filing an income tax return for the trust estate for that year petitioners deducted the amount of this payment, together with miscellaneous expenses of $5.15 and interest of $411.19, as expenses, under section 23 (a) of the Revenue Act of 1932.[1] This deduction and another in the amount of $8,623.84, representing income distributed to the beneficiary of the trust, aggregating total deductions of $46,936.50, petitioners deducted from $56,018.64, which was the entire taxable income of the estate. This computation resulted in net taxable income of $9,082.14.

Respondent disallowed as a deduction that proportion of the total trustees' fees paid which the tax-exempt income of the estate bore to the total income. His contention then, apparently, was, merely, that such portion of the trustees' expenses disallowed, represented the cost of collecting tax-exempt income and that such expense is not an allowable deduction from taxable income. However, upon brief, here he seems to take the general position that the manage-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered ; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

ment of a trust estate of this character is not a carrying on of business such as is contemplated under section 23 (a) of the Revenue Act of 1932. This position has no merit. *Grace M. Knox et al., Executors*, 3 B. T. A. 143; *Wm. W. Mead et al., Executors*, 6 B. T. A. 752; *H. Alfred Hansen, Executor*, 6 B. T. A. 860; *Henrietta Bendheim*, 8 B. T. A. 158; *George W. Seligman, Executor*, 10 B. T. A. 840; *Margaret B. Sparrow*, 18 B. T. A. 1; *Mary Helen Cadwalader*, 27 B. T. A. 1078; III-2 C. B. 91; XIII-1 C. B. 43.

Recurring to respondent's original contention, was the portion of expenses disallowed susceptible of allocation to the collection of the tax-exempt interest, and, even if so allocable, was it deductible here from taxable income? As to the first query, the stipulation discloses that the compensation, fixed by the Probate Court, was not a percentage of income but constituted, merely, a reasonable allowance by the court, for all services the trustees performed for the trust estate in its conservation, management, and operation.

Obviously, we think, that compensation, the determination of which was revealed only in an order of court, covered all the trustees' services to the trust. It was not there segregated or allocated. Whether, on this record, an allocation could be made, we express no opinion since the point seems moot.

Because of section 162 of the Revenue Act of 1932,[2] the right to the contested deduction depends on section 23 (a) of that act.[3]

The direct issue involved is the right of the Government to indirectly tax exempt income by reduction of that income.

In *Grace M. Knox et al., Executors, supra*, promulgated November 24, 1925, this Board decided the identical question here, which arose under similar statutory provisions. It was held there that, in such a trust as is present, the compensation of the trust was deductible from taxable income of the estate, though the estate had collected tax-exempt income in the form of interest on municipal and Government bonds.

Then March 30, 1928, the Board promulgated its decision in *Victor G. Marquissee*, 11 B. T. A. 334; affd., *sub nom Lewis* v. *Commissioner*, 47 Fed. (2d) 32. That case involved the same question with the important exception that the exempt income there was compensation of a state employee engaged in an essential governmental function. The decision there, without mentioning the *Knox* case, *supra*, denied the deduction of that portion of the taxpayer's expense representing the cost to him of rendering the service for

---

[2] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, * * *

[3] See footnote No. 1, *supra*.

which the tax-exempt compensation was received. Cf. *Missouri ex rel. Missouri Insurance Co.* v. *Gehner*, 281 U. S. 313.

But, in the *Marquissee case*, on the facts, the exempt status of the income depended wholly upon an implied constitutional immunity, which the courts and this Board have shown a tendency to restrict. See *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Medalie* v. *Commissioner*, 77 Fed. (2d) 300. While in the *Knox* case the exempt status of the interest income rested, not only upon that implied immunity, but upon the express statutory exemption of such interest, which exemption has existed since the Revenue Act of 1913. One purpose of that specific statutory exemption was to preserve, unimpaired by taxation, the sovereign power of the Government to borrow money and, the denial of the disputed deduction, would burden and thus impair that right. See *Missouri ex rel. Missouri Insurance Co.* v. *Gehner, supra.*

There may be expressions in the opinion of the court and Board in the *Marquissee* case, *supra,* which are inconsistent with statements of the Board in the *Knox* case, *supra.* But, so far as we have found, the decision in the *Knox* case, on its facts, which are the same as those here, has not been disturbed by any published opinion of a court or this Board.

Except for a period of approximately one month in 1931 between the dates of publication of General Counsel's Memoranda 9954, X–11 C. B. 253, and 10123, X–11 C. B. 254, the latter of which has not since been changed, respondent since the decision in the *Knox* case has accepted the view that the questioned deduction from taxable income is proper. V–1 C. B. 3; G. C. M. 7668, IX–1 C. B. 221; *Henry Bradley Plant*, 30 B. T. A. 133. There was no change in the revenue acts affecting the pending inquiry, since the Board's decision in the *Knox* case, until that effected by section 24 (a) (5) of the Revenue Act of 1934. That the Congress which passed that act considered allowable under the presently controlling revenue act, not only the contested deduction but deductions disallowed in the *Marquissee* case, is established by the committee reports to the Senate and House of Representatives,[4] submitted in connection with section 24 (a) (5) of the Revenue Act of 1934. This section provides that there shall be disallowed as a deduction "any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest * * * wholly exempt from taxes imposed by this title." It will be noted that this section prohibits certain deductions but permits, specifically, those allocable to exempt

---

[4] Report of Committee on Ways & Means, No. 704, 73d Cong., 2d sess., p. 23; Report of Finance Committee, No. 558, 73d Cong., 2d sess., p. 26. See also *Missouri ex rel. Missouri Insurance Co.* v. *Gehner*, 281 U. S. 313.

interest, as involved here. The Report of the House Ways and Means Committee of February 13, 1934, indicates that the original draft of section 24 (a) (5) disallowed deductions attributable to all tax-exempt income. The committee discusses the proposed section as follows:

Section 24 (a) (5). Disallowance of deductions attributable to tax-exempt income: This paragraph has been added to the bill to eliminate as deductions from gross income expenses allocable to the production of income wholly exempt from the income tax. Under the present law interest on State securities, salaries received by State employees, and income from leases of State school lands are exempt from Federal income tax, but expenses incurred in the production of such income are allowed as deductions from gross income.

The Senate Finance Committee proposed the amendment excepting expenses pertaining to tax-exempt interest, and commented upon the amendment in its report to the Senate dated March 28, 1934, as follows:

Section 24 (a) (5). *Disallowance of deductions attributable to tax-exempt income.*—The House bill disallows amounts otherwise allowable as deductions which are allocable to one or more classes of tax-exempt income even though the income fails to materialize or is received in an amount less than the expenditures made or incurred. For instance, under the present law, salaries received by State employees, income from leases of State school lands, and the interest on State and some classes of Federal securities are exempt from the income tax. It is contended that under the existing law all expenses incurred in the production of such income are allowable as deductions. The House bill specifically disallows expenses of this character. While your committee is in general accord with the House provision, it is not believed that this disallowance should be made to apply to expenditures incurred in earning tax-exempt interest. To do so might seriously interfere with the sale of Federal and State securities, which would be unfortunate during the present emergency. Accordingly, your committee recommends that the disallowance be applied to all classes of tax-exempt income except interest. Thus, a bank or other financial institution will not be denied a deduction for expenses incurred in earning tax-exempt interest.

The Senate adopted the amendment which was then accepted by the House.

Thus, we think that under the Revenue Act of 1932 controlling here, even if it were possible to segregate that portion of the compensation of the present trustees, incidental to the collection of tax-exempt interest, that portion is nevertheless includable with the remaining compensation of the trustees as a deduction here from the taxable income of the estate.

We conclude that petitioners are entitled to deduct from taxable income of the trust the total amount paid to them by the trust estate as compensation for their services to the trust for the taxable year 1932.

*Judgment will be entered for the petitioners.*