GEORGE VANDERBILT TRUST, HENRY B. ANDERSON AND FREDERICK W. VANDERBILT, AS TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF ALFRED G. VANDERBILT, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY B. ANDERSON AND FREDERICK W. VANDERBILT, AS TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF ALFRED G. VANDERBILT, DECEASED, OF THE TRUST FOR ALFRED G. VANDERBILT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 70489, 70490. Promulgated November 26, 1937.

*William H. Hayes, Esq.*, and *Roy C. Gasser, Esq.*, for the petitioners.

*DeWitt M. Evans, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The petitioners claim a deduction of the amount paid in the taxable year to their attorney in the litigation to construe the will of Cornelius Vanderbilt and determine to whom belonged the accumulated excess corpus and income in which they claimed through the decedent Alfred as a residuary legatee. *In re Vanderbilt's Estate*, 134 Misc. Rep. 574; 236 N. Y. S. 316; *In re Vanderbilt's Will*, 229 App. Div. 574; 243 N. Y. S. 165. They can succeed only if they

bring this expenditure within the deduction described in section 23 (a), Revenue Act of 1928, as one of "the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The issue, made clear from the time of the notice of deficiency through the trial, has been whether the petitioners were in fact carrying on any trade or business to which this attorney's fee would be properly regarded as an incident. The record, however, gives not the slightest evidence of what these trusts did that might be called carrying on trade or business. It appears only that by the will of Alfred G. Vanderbilt his executors were appointed trustees of these two trusts and that they had power to invest and reinvest the principal, to collect the income, pay taxes and expenses, and distribute to their separate beneficiaries in the prescribed manner. How they exercised these powers does not appear except as to the distributions, and according to this record they may have been mere passive conservators of a well invested trust fund.

Petitioners cite *John H. Watson, Jr., et al., Trustees*, 35 B. T. A. 706, as supporting their position and as holding generally that the management of any testamentary trust of a residuary estate constitutes a carrying on of business within the statute. That decision, however, can not be given such a broad scope. The case apparently arose originally, not upon the Commissioner's determination that the trust was not carrying on trade or business, but upon his determination that, although it was carrying on trade or business, a portion of its expenses was not deductible because allocable to tax-exempt income. After the hearing, however, the respondent in his brief broadened his position to contend that the petitioner was entitled to no deduction whatever because it was not carrying on a trade or business, and the Board held that the broadened position had no merit. Whether it would have had merit if the petitioner had had an opportunity to litigate it and had failed in his proof would be a different question, and that is the question here. It is a question of fact. Conceivably, testamentary trusts such as these petitioners may be engaged in business of one kind or another, and no less conceivably they may refrain from engaging in business. The statute applies its provisions similarly to trusts and to individuals, and it can not be dogmatically said as to a trust, even though it be one of long standing, that an attorney's fee reasonably and necessarily paid by it is deductible as an expense of carrying on business any more than it can be said as to an individual. *Dorr* v. *United States*, 18 Fed. Supp. 92; *Morse* v. *Helvering*, 85 Fed. (2d) 262; *Monell* v. *Helvering*, 70 Fed. (2d) 631; *Ames* v. *Commissioner*, 49 Fed. (2d) 853.

The respondent's argument also makes the point that, even though the trusts were to be regarded as carrying on a trade or business,

this fee was not a business expense deductible to reduce gross income but was either (or both) an administration expense of the decedent estate of Alfred G. Vanderbilt or a nondeductible capital expenditure because incident only to the enlargement of the corpus of the trust fund. He suggests also that the fee may not be deducted by these petitioning trusts because it was actually paid by the executors of the decedent's estate and not by the trustees, who were parties to the surrogate's proceeding involving Cornelius Vanderbilt's will only because they had become the residuary legatees under the will of their father, one of Cornelius' sons and a residuary legatee. These questions, however, escape decision in view of the principal determination that the fee has not been shown in fact to be an expense of "carrying on any trade or business" by the taxpayers, and the Commissioner's determination is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TYSON dissents.

---

LEECH, concurring: The holding of the majority is predicated wholly upon the premise that the conduct and management of the petitioning trusts, during the taxable year, was not a "carrying on [of] any trade or business."

The trusts in question, apparently, had existed, in fact; for some 14 years. The powers of the trustees were very broad, including a right to invest and reinvest the principal and to collect income. The corpus of each trust was large and the income therefrom correspondingly substantial. Obviously, such income was so substantial that $35,000 therefrom was paid to each of the two present trusts annually for the support of their respective beneficiaries. This was so during the tax year. These facts seem to me to be implicit in this record. Therefore, I think that the conduct and management of these trusts during the taxable year was the "carrying on of [a] trade or business" during the taxable year. *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *John H. Watson, Jr., et al., Trustees*, 35 B. T. A. 706; acquiesced in by the respondent (C. B. XVI–18–8673).

Although the record does not disclose the identity of the items deducted by the petitioners which were allowed by the respondent, since the deduction of compensation for the trustees is not contested, it would seem such an item had been allowed. In any event, from a reading of the respondent's brief, the respondent apparently placed little if any reliance on the position that the conduct and management of the petitioning trusts did not constitute the carrying on of a trade or business during the taxable year. Thus, his brief states:

 * * * It is the position of the respondent that the attorney's fees were capital expenditures incurred by the executors of the estate and were made

to increase the value of the estate, and hence not an ordinary and necessary expense, and that in any event they were expenditures occurred [*sic*] in an isolated, unusual and extraordinary transaction, and were not ordinary and necessary expenses in carrying on any business.

If the action of the respondent in disallowing the disputed deductions is correct, it is so, in my opinion, because the payments supporting those deductions were made in the acquisition of capital assets and, for tax purposes, are nondeductible capital expenditures. *Stephens Fuel Co.*, 13 B. T. A. 666; *Columbia Theatre Co.*, 3 B. T. A. 622; *First National Bank of St. Louis*, 3 B. T. A. 807; *Emerson Electric Manufacturing Co.*, 3 B. T. A. 932; *Charles P. Hewes*, 2 B .T. A. 1279; *Laemmle v. Eisner*, 275 Fed. 504. Cf. *S. & L. Building Corporation*, 19 B. T. A. 788 (reversed on other grounds) ; *Spinks Realty Co.*, 21 B. T. A. 674; affd., 62 Fed. (2d) 860; certiorari denied, 290 U. S. 636; *Central Bank Block Association*, 19 B. T. A. 1183; affd., 57 Fed. (2d) 5; *Horn & Hardart Baking Co.*, 20 B. T. A. 486; *Clara Hill Lindley*, 26 B. T. A. 741; affd., 63 Fed. (2d) 807.

ARNOLD concurs in the above.