ROIG COMMERCIAL BANK, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 11481. Submitted March 27, 1961.—Decided April 11, 1961.

*James R. Beverley, R. Castro Fernández,* and *Francisco Castro Amy* for appellant. *José Trías Monge, Secretary of Justice,* and *Arnaldo P. Cabrera, Assistant Attorney General,* for appellee. *Luis E. Dubón* and *R. García Cintrón,* as amicis curiæ and *Miguel Marcos Morales* as amicus curiæ.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

In *Roig Commercial Bank* v. *Treas. of P. R.,* 74 P.R.R. 919 (1953), we decided that in order that a corporation may be allowed the credit under § 36(a) of the Income Tax Act of 1924 (13 L.P.R.A. § 739(a) with respect to the amount of taxes paid to the Government of the United States, it is necessary that said federal taxes refer to income also taxable in Puerto Rico, that is, that they form part of its locally taxable gross income. The purpose for the allowance of this credit is to avoid double taxation. Consequently, we set aside the allowance of a credit with respect to federal taxes paid in relation to income from interest on obligations of the United States because these interests are tax exempt in Puerto Rico, and are not part of the gross income under the provisions of § 31(a) in relation to § 15(b)(4) of said Act (13 L.P.R.A. §§ 734(a) and 694(b) (4)),[1] and therefore, do not form part of the taxable income.

---

[1] Sections 31(a) and 15(b)(4) read as follows:

"Section 31(a).—In the case of a corporation or partnership subject to the tax imposed by section 28 the term 'gross income' means the gross income as defined in sections 15 and 19. . . ."

In the case at bar the issue is whether a corporation which is not allowed a credit with respect to federal income tax paid to the Government of the United States on obligations and bonds of the United States, may claim said amount as deductible from its gross income, pursuant to § 32(a)(3)(b) of the Act (13 L.P.R.A. § 735(a)(3)(b)), as it prevailed in 1947, and which in effect provides:

"Section 32(a).—In computing the net income of a corporation or partnership subject to the tax imposed by section 28, there shall be allowed as deductions:

(1) . . . . . . . . . . . . . . . .

(2) . . . . . . . . . . . . . . . .

(3) Taxes paid or accrued within the taxable year except: (a) . . . . (b) So much of the income and excess-profits taxes imposed by the authority of the United States, any possession of the United States other than Puerto Rico, or any foreign country, as is allowed as a credit under section 36. . . ."

The plaintiff, Roig Commercial Bank, is a corporation organized under the laws of Puerto Rico doing business in Puerto Rico with its main office in the city of Humacao. During the year 1949 it paid the Government of the United States the sum of $8,393.23 as income tax on interest from United States bonds. In the return filed in the year 1949 it claimed the amount thus paid as a deduction from its gross income. The Secretary of the Treasury denied this deduction and, consequently, notified the plaintiff on November 2, 1953,[2] of a deficiency amounting to $3,888.25, with interest and penalties. The action of the Secretary was

"Section 15.—For the purposes of this title, except as otherwise provided in Section 31:

(a) . . . . . . . . . . . . .

(b) The term 'gross income' does not include the following items, which shall be exempt from taxation under this title:

(1) . . . . . . . . . . . . . . . .

(2) . . . . . . . . . . . . . . . .

(3) . . . . . . . . . . . . . . . .

(4) Interest upon (a) the obligations of the United States; . . . ."

[2] The opinion of this Court in *Roig Commercial Bank* v. *Treas. of P. R.*, 74 P.R.R. 919 (1953) is dated May 19, 1953.

evidently prompted by the language of our decision in *Roig,
supra,* which we copy below [3] (at pp. 924–25):

"(2) Section 30 provides that in the case of a corporation
the term 'net income' means the gross income as defined in
§ 31 (that is, in § 15) less the deductions allowed for in
§ § 32 and 9. Section 32, in its paragraph A-3, admits, in
part, as deductions, 'Taxes paid or accrued within the taxable
year except: . . . . so much of the income and excess-profits
taxes imposed by the authority of the United States, any posses-
sion of the United States other than Porto Rico, or any foreign
country as is allowed as a credit under § 36.' *The taxes which
constitute the credit allowed by § 36 are excluded from the
taxes which constitute the deductions recognized in § 32.* Had
§ 36 not existed, said taxes would have been deductible. The
tax on the interest in question is not part of the gross income
and therefore, it did not have to be deducted from the gross
income.[3a] Consequently, the deduction of taxes allowed by § 32
does not include the specific tax on interests upon obligations
of the United States, therefore, said specific tax *can not serve
as an exception to said deduction* nor as part of the credit
allowed by § 36. The exception is synonymous with credit, and
an item can not be an exception of the total sum if that excep-
tion is not part of the total sum. Section 36 refers to other
federal taxes different from the taxes on the interests in issue."
(Italics ours.)

Feeling aggrieved by the action of the Secretary, plain-
tiff appealed to the Tax Court, which sustained the deficiency
imposed, relying on the quoted dictum. From the judgment

---

[3] In another case which is pending before us and involving the same
issue now at bar (*Banco de Ponce* v. *Treasurer of Puerto Rico,* Appeal
No. 11,702), the Secretary expressly admitted that "up to the year 1954
the administrative policy was to allow as deductions from gross income
the income tax paid to the Government of the United States for interest
on obligations of said government. On May 19, 1953 this Court decided
the case of *Roig Commercial Bank* v. *Treas. of P. R.,* 74 P.R.R. 919,
where it was stated that taxes paid to the Government of the United
States on income from bonds of said Government could not be allowed
either as a credit *or as deduction,* although the defendant admits *that
the question of deduction was not before said court in that case.*"

[3a] Evidently it is a lapsus to say that "the tax on the interests in
question is not part of the gross income"; and this sentence should be
taken in the sense that the interests upon obligations of the United States
do not form part of the gross income.

rendered an appeal was taken before this Court, praying that the deduction be allowed (a) pursuant to the provisions of § 32 (a) (3) ; or (b) pursuant to the provisions of § 32 (a) (1), because the same constitutes ordinary and necessary expenses of the taxpayer's business.[4]

■■ The position of the Secretary is to the effect that an expense not attributable to the taxable income, such as federal taxes for interest on obligations and bonds of the United States, should not be allowed as a deduction from the gross income. In other words, in order that this deduction be allowed it must refer to income included in the taxable gross income. This reasoning is valid in the cases of credits against taxes to be paid, because the obvious purpose is to avoid double taxation. *Roig Commercial Bank* v. *Treas. of P. R.*, 74 P.R.R. 919 (1953). Now, regarding deductions, no authority whatsoever has been cited in support of the contention that the allowance of a deduction depends *exclusively* on its reference or relation with any item included in the gross income. It is well-known that deductions are a legislative grace. *Descartes, Treas.* v. *Tax Court*, 71 P.R.R. 230, 236 (1950). *Buscaglia, Treas.* v. *Tax Court*, 67 P.R.R. 548 (1947). In matters of deductions we do not believe that the purpose of avoiding double taxation necessarily comes into play. An examination of § § 16 and 32 in their entirety will demonstrate that the Legislature has allowed certain deductions without their having any relation whatsoever with the gross income of the taxpayer. Thus, for example, the deduction of interest paid "without any restrictions whatsoever" are permitted, *Community of the Heirs of Fajardo* v. *Tax Court*, 73 P.R.R. 499, 507 (1952) and among them, those related to debts incurred in order to purchase or build homes (paragraph 2 (a) of § 32) ; losses

---

[4] We allowed the attorneys for Banco de Ponce to intervene as amici curiæ. It is fair to state that the brief filed by Mr. Raimundo García Cintrón has been most enlightening and has aided us to a great extent in deciding this case.

sustained and not compensated for by insurance (paragraph 4(a) of § 32) ; cf. *Banco de Ponce* v. *Secretary of the Treasury*, 81 P.R.R. 432, 443 (1959) ; of contributions and gifts made to specific institutions (paragraph 10(c) of § 32) ; and in the case of individuals, fifty per cent of the amount paid for medical services and other services enumerated (paragraph 11 of § 16). Likewise, deductions of territorial taxes paid on the residence of the taxpayer are permitted, as well as the amount paid for excise on public attractions, and until 1954,[5] of the inheritance tax paid by the heirs, *Descartes* v. *Tax Court*, 79 P.R.R. 128 (1956), despite the fact that "the value of property acquired by gift, bequest, or devise" was expressly excluded from the gross income. (Section 15(b)(3)—13 L.P.R.A. § 694(b)(3).) It is also significant that when reference is made to a deduction for interest paid, it does not include the interest paid in relation to indebtedness incurred or continued to purchase or carry obligations or values other than those obligations of the United States issued after September 24, 1917, the *interest upon which is wholly exempt from taxes*.[6] That is, in the case of indebtedness to carry obligations or bonds of the Government of the United States, the interest on these loans was deductible, despite the fact that the income which said obligations yielded could not be included in the gross income, because they were expressly excluded by law. Similarly to the federal tax system, a general deduction is allowed in Puerto Rico for all the taxes paid or accrued within the taxable year, and those which are not deductible are specifically enumerated. Perhaps it would have been more desira-

---

[5] Section 23(c)(3) of Act No. 91 of June 29, 1954 (Sess. Laws, p. 474) (13 L.P.R.A. § 3023(c)(3)). See *Descartes* v. *Tax Court*, 71 P.R.R. 230 (1950), on deduction of contributions for the irrigation system.

[6] The situation under the Income Tax Act of 1954 in effect, is different, since the Legislative Assembly did not make any exceptions whatsoever in the case of interest paid on loans made to carry obligations of the United States (§ 23(b) of Act No. 91 of June 29, 1954) (13 L.P.R.A. § 3023(b)).

ble to enumerate the taxes that were deductible, but in the absence of a provision to that effect, we may not interpolate by interpretation or by "judicial grafting" those specifically excluded by the Legislature.

The legislative history of § 24 of the law in force clearly shows that the Secretary of the Treasury as well as the Legislative Assembly itself, interpreted the Act of 1924 in the sense that it did not proscribe in any manner whatsoever deductions, otherwise allowed, creditable to any kind of exempt income. The bill of the new law,[7] drafted by the Secretary only retains deductibility of items attributable to *interest exempt* from being included in the gross [8] income, and it was so stated in the explanatory memorandum sent to the members of the Legislature.[9] It was so construed by

---

[7] House Bill No. 935 of the First Regular Session of the Second Legislative Assembly of the Commonwealth of Puerto Rico.

[8] Section 24(a)(5) of the bill (Journal of Proceedings, Vol. III, p. 133) read as follows:

"(a) General Rule—In computing net income, no deduction in any case shall be allowed for the following items:

"(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income *which does not constitute interests* (whether or not any amount of income of class or classes is received or accrued) wholly exempt from the taxes imposed by this Act, or any amount otherwise allowable by virtue of § 23(a)(2) which is allocable to interests (whether or not any amount of those interests has been received or accrued) wholly exempt from the taxes imposed by this Act."

[9] Said memorandum reads as follows (Journal of Proceedings, Vol. III, p. 126):

"PROVISIONS TO PREVENT EVASIONS

"(2) EXPENSES INCURRED IN ORDER TO OBTAIN INCOME TAX EXEMPTION (§ 24(a)(5)):

"This provision prescribes, in synthesis, that no deduction shall be allowed for any expense incurred to obtain tax exempt income, except expenses incurred to obtain exempt interests when said expenses are considered ordinary and necessary in the taxpayer's industry or business. *The object of this provision which is identical to that contained in the Federal Act, is to avoid that the taxable income of a taxpayer be unduly reduced by applying thereto the expenses incurred to obtain tax exempt income.* In excluding from the bill the expenses related to exempt interests, when said expenses are considered as ordinary and necessary expenses in the taxpayer's industry or business, the aim pursued is to allow banks the deduction of the expenses incurred in obtaining exempt

the Sub-committee of the Finance Committee of the House of Representatives in the report it rendered.[10] However, notwithstanding the recommendation of the Secretary and of the Sub-Committee, the Finance Committee eliminated the exemption proposed in the case of tax-exempt interests.[11] Since 1954, taxes paid to the Federal Government for interest received by the taxpayer on obligations or bonds of the United States are not deductible.

Sections 36 (a) and 32 (a) (3) (b) of the Act of 1924, having been reconciled, it is clear that the legislative intent was to grant, either as a credit or as a deduction, any income tax paid to the Government of the United States. If the federal tax fell upon income which could be included in the gross income in Puerto Rico, the taxpayer could consider it as credit for the purpose of determining his local tax liability; if, on the contrary, the federal tax fell upon that income exempt from being included in the gross income in Puerto Rico—as in the case of interests upon bonds and obligations of the United States—then the taxpayer could deduct the amount in order to determine the taxable net income. Apparently the aim of our Legislature was to facilitate and pro-

---

interest since, in the opinion of Congress, by the adoption of this measure, the nonallowance of such expenses to said institutions could seriously interfere with the sale of Government bonds. *Our Act in force does not contain this provision.*"

[10] Said report, insofar as pertinent (p. 59), reads as follows:

"(3) *General Deductions.*—The general deductions allowed by the Bill differ from those allowed by the Act in force regarding the following:

. . . . . . . .

"(q) The Bill provides that no expense incurred to obtain tax exempt income shall be allowed as deductible unless this income is from exempt interests. It is further provided that expenses incurred to obtain income from tax exempt interests shall not be allowed, but this prohibition governs only in those cases where the activity giving rise to this type of income does not constitute the industry or business of the taxpayer. (Section 24 (a) (5)—p. 61, line 21 of the Bill). The establishment of the prohibition in the afore-mentioned manner regarding expenses incurred to obtain exempt interests has the effect of permitting banking institutions to deduct said expenses. *In the absence of similar provisions in the Act in force, all said expenses may be deductible by any taxpayer.*"

[11] Journal of Proceedings, Vol. III, pp. 418 and 424.

mote the sale of obligations and bonds issued by the United States. As stated in *John M. Watson, Jr.* v. *Commisioner*, 35 B.T.A. 706, 709 (1937) : "One purpose of that specific statutory exemption was to preserve, unimpaired by taxation, the sovereign power of the Government to borrow money and, the denial of the disputed deduction, would burden and thus impair that right." *Cf. Missouri* v. *Gehner*, 281 U.S. 313, 320–21 (1930) ; and regarding inheritance taxes, see *Ex parte De Jesús*, 68 P.R.R. 646 (1948) and *Veve* v. *Secretary of the Treasury*, 78 P.R.R. 695 (1955).

Until the enactment in 1934 of an amendment to § 24 (*a*) (5) of the Federal Income Tax Act (26 U.S.C.A. Internal Revenue Acts 1924 to date, p. 676), whereby it was expressly provided that expenses incurred could not be deducted if they were attributable to exempt income, except *interests* which could not be included in the gross income, the interpretation of the Federal Court of Tax Appeals and of the Commissioner of Internal Revenues of a statute couched in the same terms as the provisions of the local Act in issue, was to the effect that the expenses incurred in relation to all classes of tax exempt gross income were deductible. In *Grace M. Knox et al.*, 3 B.T.A. 143 (1925), the court allowed the deduction of compensation paid to executors as an ordinary and necessary expense, "without regard to the fact that a portion of the estate's income is exempt from taxation," because it constituted interests upon bonds and obligations of the United States. This interpretation was pursued thereafter in *John M. Watson, Jr. et al.*, 35 B.T.A. 706 (1937) which involved the Act of 1932 insofar as it referred to expenses incurred in relation to interest upon obligations of the state and federal governments. See, also, *Hugh C. Wallace*, 17 B.T.A. 406 (1929) ; *Cornelia W. Roebling*, 37 B.T.A. 82 (1938) ; *Eugene Higgins*, 39 B.T.A. 1005 (1939). 111 F.2d 795 (C.C.A. 2, 1940), 312 U.S. 212 (1941) ; *Corrigan* v. *Commissioner*, 155 F.2d 164 (1946) ; *George N. Meissner*, 8 T.C. 780 (1947).

We therefore hold that at the time of the tax year referred to in this action, plaintiff could deduct from its gross income any amount paid for taxes to the Federal Government for interests upon obligations and bonds of the United States. By virtue thereof, any language to the contrary contained in *Roig Commercial Bank* v. *Treas. of P. R.*, 74 P.R.R. 919, should be understood as expressly overruled. We further make clear that this opinion does not intend to decide whether said taxes are deductible as an ordinary and necessary expense of plaintiff's business, especially in view of the present state of the statute on the matter.

The judgment appealed from will be reversed and judgment granting the complaint and setting aside the deficiency notified to the plaintiff for the year 1949 is hereby entered.

Mr. Justice Santana Becerra did not participate herein.

