**ROSS v. UNITED STATES.**

No. 47168.

Court of Claims.

Feb. 2, 1918.

726

Llewellyn A. Luce, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Sewall Key, Acting Asst. Atty. Gen. (Robert N. Anderson and Andrew D. Sharpe, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

The defendant has filed a plea in bar in which it seeks to have plaintiff's petition dismissed on the ground that the issues involved have previously been decided by the United States Board of Tax Appeals, which decision was affirmed by the Circuit Court of Appeals and that decision has become

final through the denial by the Supreme Court of plaintiff's petition for writ of certiorari. The facts are not in dispute.

For the years 1935, 1936, and 1937, plaintiff filed her individual income tax returns and claimed therein, as deductions from gross income, amounts paid by her to her husband for the management of her properties. Those deductions were disallowed by the Commissioner of Internal Revenue under the then existing statutes on the ground that they did not constitute expenses incurred in carrying on a trade or business. The plaintiff appealed to the Board from the Commissioner's determination and the Board sustained that determination. On appeal, the Circuit Court of Appeals affirmed the decision of the Board, and on May 25, 1942, the Supreme Court denied plaintiff's application for certiorari. The decision of the Board and its affirmation by the Circuit Court of Appeals were clearly correct under the law as it stood at that time. Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783, and City Bank Co. v. Helvering, 313 U.S. 121, 61 S. Ct. 896, 85 L.Ed. 1227. Thereafter Congress enacted the Revenue Act of 1942 which was approved October 21, 1942. That act contained the following provision:

"Sec. 121. * * * Section 23(a) (relating to deduction for expenses) is amended to read as follows:

\* \* \* \* \* \*

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." 26 U.S.C.A. Int.Rev.Code, § 23(a).

The same section of the act contained the following provision with respect to the years to which the amendment was applicable and as to the retroactive nature of the amendment:

"(d) Taxable years to which amendments applicable. The amendments made by this section shall be applicable to taxable years beginning after December 31, 1938.

"(e) Retroactive amendment to prior revenue acts. For the purposes of the Revenue Act of 1938 or any prior revenue Act the amendments made to the Internal Revenue Code by this section shall be effective as if they were a part of such revenue Act on the date of its enactment."

In July 1943, within two years from the time plaintiff had paid the deficiencies as determined by the Board, plaintiff filed claims for refund for 1935, 1936, and 1937 on the ground that Section 121, supra, was made retroactive by its specific terms and that under such section she was entitled to the deductions which she had claimed in her returns and which had been denied by the Commissioner's determination. The Commissioner denied those claims and plaintiff duly filed this suit.

The question is whether plaintiff is precluded by the finality attaching to the Board's decision under Section 322(c) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 322(c), from obtaining the benefits of the deduction which were not permissible at the time of the Board's decision but which are allowable under Section 121, supra. Under Section 1140 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1140, the decision of the Board became final when certiorari was denied, and Section 322(c), supra, provides that where a taxpayer has filed a petition with the Board, no credit or refund in respect of the tax for the year or years before the Board shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court, with certain exceptions which are not relevant here.

In this case, plaintiff filed a petition with the Board for the years with which we are concerned and with respect to the same deductions, and a decision thereon by the Board has become final. Unless therefore the statutory bar of finality attaching to that decision by virtue of Section 322(c) has been removed, plaintiff's petition must be dismissed. Plaintiff's position is that by the enactment of Section 121 Congress, by implication, repealed the provisions of Section 322(c) insofar as that section would bar a taxpayer from receiving the benefit

of the retroactive statute of which we are concerned. We cannot agree. Repeal of an act by implication is never favored. United States v. Borden Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181. The only provision in subdivision (e) of Section 121 with respect to retroactivity is that that section shall be effective as if it were a part of the prior revenue acts at the dates of their enactment. The amendments made by Section 121 were subdivisions (a), (b), and (c) of that section and these are the amendments that are referred to in subdivision (e). No reference is made to Section 322(c) which is nowhere amended in the Revenue Act of 1942.

That Congress was aware of the necessity of the removal of limitations and the necessity of placing restrictions on such removals where retroactive legislation was involved, is shown by Section 501 of the Revenue Act of 1942, 26 U.S.C.A. Int. Rev. Acts, page 344, which grants additional credits for undistributed profits tax. A subdivision was added to that section which specifically provided for the allowance of the additional credits "notwithstanding any other provision of law or rule of law," provided certain action was taken within one year from the date of the enactment of that act. No similar or corresponding provision appears in connection with Section 121 and therefore the conclusion seems inescapable that Congress did not mean to repeal existing statutes of limitations or Section 322 (c) which gave finality to Board decisions which had therefore been rendered.

The conclusion we have reached is the same as that reached in White's Will v. Commissioner, 3 Cir., 142 F.2d 746, and Merrill v. United States, 2 Cir., 152 F.2d 74.

It follows that the plea in bar must be sustained and the petition dismissed. It is so ordered.