*774 The opinion of the Supreme Court was delivered by Mr. Justice Black, as follows:
The question presented is whether upon this record the Court of Claims committed error in concluding that respondents, as executors, were, in computing their federal income tax, entitled to deduct expenses properly incurred in the administration of an estate, Congress having provided that such a deduction could be taken only by individuals, estates, or trusts engaged in “carrying on . . . business.” Revenue Act of 1934, § § 23 (a), 161, 162. Compare City Bank Farmers Trust Co. v. Helvering, just announced (313 U.S. 121).
In computing the 1934 net income of the estate, respondents claimed a deduction of $40,000 for fees paid to the estate’s attorney during the taxable year. The Commissioner of Internal Kevenue disallowed the deduction; the respondents paid under protest, and filed suit for refund in the Court of Claims. Their com *775 plaint alleged that “The payment of attorney’s fees and the claim for allowance thereof as a deduction from gross income is predicated upon the contention that the tremendous size of the corpus of the estate and the proper administration thereof constituted the operation of a business and the employment of an attorney as counsel to guide the executors in the handling of the affairs of the estate was just as much a necessary expense of the estate as is incurred in the operation of any commercial business engaged in the manufacturing or selling of commodities.” The court made detailed findings of fact, and as its single conclusion of law stated that the respondents should recover.
We recently stated in Higgins v. Commissioner, 312 U. S. 212, that determination of what amounts to carrying on business requires examination of the facts in each case. In this case, the record before us contains the findings of the Court of Claims, a conclusion of law, and an opinion summarizing the findings of fact and indicating the reasons which prompted the court to reach its conclusion of law. The most that can be said of the findings of fact is that the court was of the opinion that the facts found showed that the activities of the executors were such as to meet certain criteria set out in the opinion as determinative of what constituted carrying on business. For what the court found as a fact was that the decedent, prior to his death “was engaged in business as a financier and investor, maintaining an office where he employed an office manager and an average of six clerks. ... In general, the operations of the estate continued in substantially the same manner after the decedent’s death as before. ...” In addition the court found that the attorney employed by the executors “was called upon to advise them with reference to matters both legal and economic _ that arose in the business activities of the estate, with reference to federal estate and state inheritance taxes, and also in regard to the acquisition and_ disposal of the estate’s securities and in regard to various matters pertaining to companies in which the estate held investments.” But the executors might do all the things that the court found that they did and still not be engaged in “carrying on . . . business” within the meaning of the Eevenue Act. For as we said in the Higgins case, “All expenses of every business transaction are not deductible. Only those are deductible which relate to carrying on a business.” *776 Also, we there sustained a holding that an individual who was engaged in financial and investing activities in all ways similar to those of the decedent and his executors in this case was not entitled to a deduction such as that sought by respondents. Therefore, the finding of the Court of Claims that the executors continued to conserve the decedent’s estate as he had when he was himself “a financier and investor” falls far short of a finding that the executors were entitled to a deduction accorded by Congress only to those “carrying on ... business.” Failure of the Court of Claims to make a specific finding on this ultimate and determinative issue deprives that court’s judgment of support. Under such circumstances we are not called upon to weigh the different facts set out in the subsidiary findings in order to determine whether or not they would support a conclusion that the executors were “carrying on . . . business” within the meaning of the statute.[2]
When we turn to the opinion of the Court of Claims,[3] it is made clear that absence of such a specific finding was the result of the court’s adoption of criteria of “carrying on . . . business” inconsistent with our holding in the Higgins case. Since the judgment must be vacated because not supported by adequate findings, it is appropriate that we point out this inconsistency. Accepting as true the statement of the Court of Claims that a broad definition of “business” might be that it is “whatever engages the time, attention, and labor of men in order to conserve what they have or to avoid loss” it does not follow at all that this is synonymous with the statutory language, “carrying on . . . business.” This definition of “business” stems in part from the case of Flint v. Stone Tracy Co., 220 U. S. 107, 171, upon which the Court of Claims relied. But however applicable that definition may have been to the case there under consideration, it cannot be accepted as a guide in the present case. The reasons why it is not applicable to the statutory provision now under consideration were given in our opinion in the Higgins case; its nonap-plicability to specific situations has also been explained in a number of other opinions of this Court.[4]
*777 Nor can the judgment of the Court of Claims be supported by that court’s statement that the executors were engaged “in the business of conserving the estate and protecting its income.” Such activities are the traditional duty of executors. Executors who engage actively in trade and business are the exception and not the rule. Rather obviously, there could be clear cases where executors “carry on . . . business” by continuing to operate a store, a factory or some other well known, well marked type of business activity. But in the absence of evidence showing activities coming within the general acceptation of the concept of carrying on a trade or business, it cannot be said as a matter of law that an executor comes into this category merely because he conserves the estate by marshalling and gathering the assets as a mere conduit for ultimate distribution. And determination of what constitutes “carrying on . . . business” under the Revenue Act does not depend upon the size of the estate or the number of people whose services are required in order properly to conserve it.
The judgment of the Court of Claims is vacated and the cause is remanded to that court for proceedings in accordance with the views herein expressed.

 United States v. Esnault-Pelterie, 299 U. S. 201, 206.

 Cf. Chippewa Indians of Minnesota v. United States, 305 U. S. 479, 481; American Propeller & Mfg. Co. v. United States, 300 U. S. 475, 479-480.

 See, e. g., Van Baumbach v. Sargent Land Co., 242 U. S. 503, 514-515 ; McCoach v. Minehill & Schuylkill Haven R. R., 228 U. S. 295; 303; Zonne v. Minneapolis Syndicate, 220 U. S. 187, 190.