## CITY BANK FARMERS TRUST CO., TRUSTEE, *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.

Nos. 408 and 409. Argued April 1, 1941.—Decided April 28, 1941.

---

[10] *State Board of Tax Commissioners* v. *Jackson,* 283 U. S. 527, 537, and cases cited.

122

*Mr. Rollin Browne,* with whom *Messrs. John G. Jackson, Jr.* and *George Craven* were on the brief, for petitioner.

*Mr. Arnold Raum,* with whom *Assistant Attorney General Clark* and *Messrs. Newman A. Townsend, Sewall Key,.* and *Lee A. Jackson* were on the brief, for respondent.

*Mr. Weston Vernon, Jr.* filed a brief on behalf of the Committee of Banking Institutions on Taxation, as *amicus curiae,* in support of the petitioner.

MR. JUSTICE BLACK delivered the opinion of the Court.

The ultimate question here involved is whether two testamentary trusts of which petitioner is trustee were in 1931 "carrying on . . . business" within the meaning of § 23 (a) of the Revenue Act of 1928.

Pursuant to the will of Angier B. Duke, two trusts, consisting of stocks and bonds worth approximately $7,-600,000, were established in 1923 for the benefit of Duke's two minor sons. Petitioner, as. trustee, was charged with the duty of applying a sufficient amount of the income of each trust to the support and education of the beneficiary;

the surplus income was to be accumulated until the beneficiary's majority; and at that time all accumulated income was to be paid to the beneficiary, while the principal was to be continued in trust for the benefit of the son and his descendants. By 1931, the principal and accumulated income of the two trusts aggregated about $10,-000,000. In that year the Surrogate Court of New York County allowed trustees' commissions of about $77,000, ordering that payment be made out of principal. In reporting trust income for 1931, the trustee did not claim any deduction for these commissions. Later, in proceedings before the Board of Tax Appeals, the deduction was claimed but denied. The ground of denial was that during the taxable year the trusts had not been "carrying on any trade or business," the carrying on of such an activity being a condition precedent to the allowance of the claimed deduction under the controlling Revenue Act.[1] The Circuit Court of Appeals affirmed.[2] Differing interpretations as to the meaning and scope of "carrying on any trade or business" prompted us to grant certiorari in this case, in the case of *Pyne* v. *United States,* 92 Ct. Cls. 44; 35 F. Supp. 81; *post,* p. 127, and in the case of *Higgins* v. *Commissioner,* 111 F. 2d 795, 312 U. S. 212.

In the *Higgins* case, 312 U. S. 212, we affirmed the judgment of the same Circuit Court of Appeals that rendered the decision below. Higgins, an individual taxpayer whose activities did not vary materially from the activi-

---

[1] Revenue Act of 1928, § § 23 (a), 161, 162, 45 Stat. 799, 838. Cf. George Vanderbilt Trust, 36 B. T. A. 967. Though petitioner urges that the Commissioner, because of concessions made before the Board of Tax Appeals, should be barred from asserting that the trusts were not carrying on business, the judgment of the Board rested on its finding that the trusts were not so engaged, and the issue is properly before us.

[2] 112 F. 2d 457.

ties of the taxpaying trusts in the case at bar,[3] was denied the deduction which petitioner here seeks. And §§ 161–162 of the Revenue Act of 1928 provide: "The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust. . . . The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual. . . ." Since the trust is subject to the same rules as the individual, and since the findings of the Board of Tax Appeals in the *Higgins* case and in the case at bar are substantially the same,[4] the *Higgins* case is controlling here, unless, as petitioner contends, dis-

---

[3] The Board found in this case that the trustee's activities were limited to reviewing the stocks and bonds in trust several times a year; selling securities and reinvesting the proceeds in other stocks and bonds; collecting interest and dividends on security; keeping account books for the trusts and rendering statements to the interested parties; preparing and filing income tax returns; and distributing income to the beneficiaries. Summarizing, the Board of Tax Appeals said, "The above facts demonstrate conclusively to us that this is a case of passive investment and not of carrying on a business, for not only is the trustee limited in its investments, but it is cautioned in effect to be a safe investor rather than a participant in trade or business, and, plainly carrying out the testator's injunctions, it conducts no business, because it has, as above seen, no expenses of conducting business other than the collection of coupons and mailing bonds, amounting to a few dollars, and an even more negligible amount for transfer stamps or notary fees. . . . Extensive authority need not be compiled to demonstrate that a mere passive investor, collecting interest and clipping coupons, and making a very few reinvestments, is not engaged in trade or business."

[4] It is clear that the Board was justified in reaching the conclusion that the instant trusts were not "business trusts" but existed merely to hold and conserve property and distribute the income received. Compare *Morrisey* v. *Commissioner*, 296 U. S. 344, 356–357; *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503, 515; *Zonne* v. *Minneapolis Syndicate*, 220 U. S. 187.

tinguishable by reason of administrative practice in relation to trusts.

But we regard the *Higgins* decision as controlling despite petitioner's insistence that administrative practice has long permitted deduction of trustees' commissions. In view of the 'express Congressional command that the same method and basis of computation must be applied to trust income as to individual income, it is doubtful whether any administrative practice, no matter how clear or long existing, would warrant our applying one concept of carrying on business in the case of an individual and another concept in the case of a trust. This is particularly true here, where the statutory interpretation petitioner urges has never received support in any regulations promulgated by the Secretary of the Treasury.[5] And not only is the result reached by the court below consistent with our decision in *Higgins* v. *Commissioner*, but, as we said in the *Higgins* case, the conclusion of the Board of Tax Appeals "is adequately supported by this record, and rests upon a conception of carrying on business similar to that expressed by this Court for an antecedent section." [6] The judgment below is accordingly

*Affirmed.*

[5] *Biddle* v. *Commissioner*, 302 U. S. 573, 582; *Helvering* v. *New York Trust Co.*, 292 U. S. 455, 467–468.

[6] The case referred to was *Van Wart* v. *Commissioner*, 295 U. S. 112, 115.