JOHN PRESTON RICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102124. Promulgated June 18, 1941.

*Faneuil Adams, Esq.,* for the petitioner.
*E. M. Woolf, Esq.,* for the respondent.

750

**OPINION.**

BLACK: Section 23 (a) of the Revenue Act of 1934 provides:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

Undoubtedly, petitioner's principal business was that of investment banker, as a partner in the firm of White, Weld & Co. However, in 1934 Horatio Hathaway, an old customer of petitioner, died and left an estate valued at approximately $1,500,000, and petitioner was named as executor of the estate in decedent's will. Petitioner qualified as executor of the estate. His duties as executor did not require

all of his time and he continued his duties as a member of the firm of White, Weld & Co.

The testimony is that petitioner's duties as executor of this large estate did require a considerable amount of his time and that he found it necessary to employ J. Thomas Baldwin to assist him  This was done on account of Baldwin's experience in dealing with estates in administration and trusteeship.  Also he employed Miss Brennan to do clerical work which was incident to his duties as executor.

Petitioner received $15,000 for his services as executor in 1934 and $15,000 for his services in 1935.  In 1935 he paid Baldwin $3,000 and Miss Brennan $350 for their services in assisting him.  These payments were made from the compensation which petitioner received as executor.

On these facts petitioner contends that he was engaged in the business of being executor of a large estate, which required considerable time and responsibility, and that the $3,350 paid Baldwin and Miss Brennan represented ordinary and necessary expenses paid and incurred in carrying on a trade or business within the meaning of the applicable statute.

Respondent does not dispute that petitioner paid Baldwin and Miss Brennan the amounts in question nor that the amounts were reasonable for the services which they actually performed, but defends his disallowance of the deductions on the ground that petitioner's activities as an executor did not constitute a business within the meaning of that term as used in section 23 (a) of the Revenue Act of 1934. Respondent cites Ames v. Commissioner, 49 Fed. (2d) 853, as his principal authority in support of his position.  We think that Ames v. Commissioner is not controlling.  In that case the estate of Charles W. Ames, deceased, was the taxpayer and the court held that an executor's mere receipt of dividends and payment of testator's contractual debts was not carrying on a trade or business.

In the instant case we do not have the question before us as to whether the estate of Horatio Hathaway, of which petitioner was an executor, was carrying on a trade or business in 1935.  Our question is whether petitioner's activities as executor of the estate of Horatio Hathaway for which he earned $15,000 in 1934 and $15,000 in 1935 constituted carrying on a trade or business, and we think that question must be answered in the affirmative.  See Wallace's Estate v. Commissioner, 101 Fed. (2d) 604.  In the latter case the court pointed out that certain cases which had held that estates which were mere passive investors were not engaged in a trade or business, were not applicable.  The court distinguished that line of cases from the one which it had before it, in the following language:

But these cases do not justify the holding that an executor or trustee when he performs the duties of his position for pay is not engaged in business. The

distinction between the activities of an estate and the activities of the representatives of the estate are obvious. There are many capacities of a business nature in which an individual or a corporation may serve an estate in the course of liquidation; and it is common knowledge that a substantial part of the business of certain corporations consists of the services which they render as executor or trustee for a specified compensation. The Board of Tax Appeals itself in *Abbott* v. *Commissioner*, 38 B. T. A. 1290, Case No. 167, has recently held that a lawyer in general practice, who derived a large part of his income for services rendered as executor or trustee, was engaged in business in so doing, and was entitled to deduct from his gross income as a business expense a sum paid to certain beneficiaries in settlement of a liability incurred in the administration of a trust. Cf. *Tallman* v. *Commissioner*, 37 B. T. A. 1060, Case No. 156.

The principle enunciated in this decision is applicable in the pending case, and no distinction arises because of the fact that the taxpayer was not regularly or continuously engaged in the business of performing the services of an executor. * * *

On the same grounds as stated by the court in the foregoing opinion, we think the instant case is distinguishable from such cases as *City Bank Farmers Trust Co., Trustee*, 39 B. T. A. 29; affd., 112 Fed. (2d) 457; affd., 313 U. S. 121; and *George Vanderbilt Trust*, 36 B. T. A. 967. Cf. also *United States* v. *Pyne*, 313 U. S. 127. Also we think we should point out that the instant case is distinguishable from cases where a taxpayer is serving as executor for some decedent relative, without compensation, and incurs certain losses or expenses in doing so. These we have held to be personal to the taxpayer rather than business expenses. See *Stephen H. Tallman*, 37 B. T. A. 1060.

We have no such state of affairs in the instant case. Petitioner was serving as executor for pay and as an incident to that employment he had to incur and pay certain ordinary and necessary business expenses. We think these are deductible under section 23 (a) of the Revenue Act of 1934. Upon this issue petitioner is sustained.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

----

HARRON, dissenting: Petitioner, himself, and through his agent Baldwin, did no more than carry out the traditional duties of an executor in managing the estate of the decedent and in carrying out the directions in the will, the terms of which are not set forth. The making of inventories, the attending of conferences, and the straightening out of trusts do not amount to carrying on a business, and the disposition of some stock and real estate, ordinarily, would amount to no more than managing and preserving the estate, or carrying out the terms of the will. There appears not to have been sufficient activity in the disposition of some property in the estate to constitute

those transactions a carrying on of a business. Petitioner has failed, I believe, to show that he was engaged in a business as the term is used in section 23 (a). The Supreme Court has made it clear in *United States* v. *Pyne*, 313 U. S. 127, that estate administration *per se* is not a business, and has said, "Executors who engage actively in trade and business are the exception and not the rule." Therefore, petitioner must show that he did more than engage in the activities which are the "traditional duty of executors." He must show that, in addition to such activities, he engaged in more extensive activities which constitute the carrying on of a business. Furthermore, the Supreme Court has stated that the very broad definition of "business" in *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, 171, is not controlling in the determination of what constitutes carrying on a business within the meaning of section 23 (a). *Higgins* v. *Commissioner*, 312 U. S. 212; *United States* v. *Pyne*, *supra*. Accordingly it is not determinative that petitioner received compensation for his services or that he engaged in the activities of an executor for profit. In as much as the court in *Wallace's Estate* v. *Commissioner*, 101 Fed. (2d) 604, held that an executrix was engaged in a business when she performed the duties of that appointment with intent to secure compensation therefor very largely because of the *Flint* v. *Stone Tracy Co.* case definition of business, it appears evident that the rule in *Wallace's Estate* v. *Commissioner*, *supra*, is no longer good law; that it has been overruled by recent decisions of the Supreme Court. I believe we should not regard the case of *Wallace's Estate* v. *Commissioner*, *supra*, as controlling.

The holding reached appears to be that petitioner's activities in administering the estate of the decedent, as carried on by himself and his agent, constitute the carrying on of a business, because petitioner performed services for fees. Most executors receive fees. If administering an estate *per se* is not a business, under the rule of the *Pyne* case, the conclusion reached above is wrong. If the holding is that the petitioner's activities extended further than the traditional functions of an executor in administering and preserving the estate, so as to extend into the area of business activity, then I believe the facts here do not support the holding. There is much to indicate that the expenditures in question were made to suit the personal convenience of petitioner, who had to be away frequently. To the extent that such is true, the expenditures are personal and are not deductible. *Miller* v. *Commissioner*, 102 Fed. (2d) 476; *Kane* v. *Commissioner*, 100 Fed. (2d) 382. Petitioner was inexperienced and Baldwin, a lawyer, had experience. Baldwin's services were of value, of course. But that is not sufficient to support the claimed deduction. In the

*Pyne* case, the Court of Claims dwelt upon the fact that the executors were inexperienced and that an attorney who was engaged in business helped the executors. (See *Pyne* v. *United States*, 35 Fed. Supp. 81.) The Supreme Court did not agree that the fact that the counselor to the executors was engaged in business contributed to a holding that the executors were engaged in business. Under the facts, if petitioner had paid his counselor and secretary out of funds of the estate, instead of out of his fees received from the estate, and if he had claimed deduction therefor from the estate's income in computing the estate's net taxable income, I think we would have to deny the deduction under the rule of the *Pyne* case. See also, *Estate of Mary R. Donald*, 43 B. T. A. 1114; *White Trust* v. *Commissioner*, 119 Fed. (2d) 619. To say that under the facts petitioner, as an individual taxpayer, was engaged in business in doing what he did, as an executor, and, therefore, is entitled to the deduction as a business expense; but that petitioner as a fiduciary in doing what he did as executor, under the same facts, is not engaged in a business and that, therefore, the estate—a taxable entity—is *not* entitled to the deduction as a business expense, points out the illogic. Petitioner's burden of proof is, in my opinion, exactly the same whether he claims as a fiduciary or as an individual that his activities as executor extended into the area of business activity for purposes of a business expense deduction.

I believe petitioner has failed to show that his activities as executor extended into the area of business activity and that, therefore, he is not entitled to the deduction for the expenditures in question. Therefore, I respectfully dissent.

STERNHAGEN, VAN FOSSAN, and ARNOLD agree with this dissent.