## CORRIGAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9979.

Circuit Court of Appeals, Sixth Circuit.

April 5, 1946.

Robert W. Wheeler, of Cleveland, Ohio (John T. Scott and Robert W. Wheeler, both of Cleveland, Ohio, on the brief), for petitioner.

Harry Baum, of Washington, D. C. (Sewall Key, J. Louis Monarch, and Helen Goodner, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

The controlling question presented by this petition to review a decision of the Tax Court is the deductibility under § 23 (a) and § 24(a) (5) of the Revenue Acts of 1936 and 1938, 26 U.S.C.A.Int.Rev.Acts, pages 827, 831, 1011, 1016, and the Internal Revenue Code as amended by the Revenue Act of 1942, 26 U.S.C.A.Int.Rev.Code, §§

23(a), 24(a) (5), of the expenses of administering a trust for the taxable years 1937 to 1941 inclusive. The Commissioner determined deficiencies aggregating $31,-236.79, being the amount of trustees' fees and expenses attributable to the collection of tax-exempt income for the taxable years, and assessed it against the taxpayer, life beneficiary of a testamentary trust, whose assets consisted in large part of Government bonds wholly exempt from taxation. The Tax Court sustained the Commissioner's determination that such fees and expenses were not deductible; that the statute precludes such a determination; that the expenses were not incurred in carrying on a business, and that the assessment was not barred, since the applicable statutory limitation is five years.

The taxpayer urges that the Board of Tax Appeals in an earlier decision involving the taxable year 1932 (35 B.T.A. 706) held that the expenses of the same trust in collecting, conserving and distributing the trust income from tax-exempt securities for the year 1932 were deductible, and contends that this decision is binding under the doctrine of res judicata, since the former action was between the same parties and, as the taxpayer claims, involved the same claim or demand. The Commissioner had disallowed deductions of fees and expenses incurred in 1932 for administering the tax-exempt assets of the trust, and a petition for redetermination was filed. The Board held that the expenses allocable to the collection of tax-exempt interest were deductible. In its opinion the Board overruled the contention of the Commissioner that the management of a trust estate of this character is not the carrying on of business under § 23(a) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 489, and that the expenses of such management therefore cannot be deducted. The Commissioner filed no petition for review.

■ It is conceded that there has been no change since 1932 in the character of the activities and operations of the trust estate. The Commissioner contends here that the question whether the trust was carrying on a trade or business in 1932 was not presented to the Board of Tax Appeals in the earlier case. Assuming, although not deciding, that this issue was before the Board of Tax Appeals and was squarely decided, we think the Tax Court clearly was correct in holding herein that the previous decision between the same parties does not preclude the Commissioner from increasing the taxpayer's income by the amounts disallowed as deductions. The declaration in the Board of Tax Appeals' opinion to the effect that the trust operations constituted doing business within § 23(a) of the Revenue Act of 1932 was in effect overruled by the Supreme Court in Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; City Bank Farmers Trust Co. v. Helvering, 313 U.S. 121, 61 S.Ct. 896, 85 L.Ed. 1227, and United States v. Pyne, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231. The Higgins case was cited with approval in McDonald v. Commissioner, 323 U.S. 57, 61, 65 S.Ct. 96, 155 A.L.R. 119. Under these cases the activities of property-owners and fiduciaries which are confined to holding and safeguarding funds and securities, collecting income, making investments, distributing income, keeping accounts, etc., do not constitute carrying on a business within the applicable provisions of the Internal Revenue Act. After these holdings, the questions presented upon the deductibility of expenses such as herein involved were no longer the same under the law and upon the facts, for the opinions of the Supreme Court created "a new situation" and prevented the application of res judicata. Blair v. Commissioner, 300 U.S. 5, 9, 57 S.Ct. 330, 81 L.Ed. 465. Cf. Vanderbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327.

■ Also under § 23(a) of the Revenue Act of 1932, which was carried into the later revenue acts, the deduction in computing net income of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" was allowed. Section 24(a) (5) of the Revenue Acts of 1936 and 1938 and of the Internal Revenue Code prohibited any deduction for "any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest * * * wholly exempt from the taxes imposed by this title." Deduction, therefore, of expenses allocable to tax-exempt interest was not prohibited as to transactions occurring in 1932. However, § 121 of the Revenue Act of 1942, amended these sections by adding a new provision, § 23(a) (2), allowing deduction of "all the ordinary and necessary expenses paid or

incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." Section 24(a) (5) was also amended to provide that no deduction was to be allowed for "any amount otherwise allowable under section 23(a) (2) which is allocable to interest * * * wholly exempt from the taxes imposed by this chapter."

Section 121(e) of the 1942 Revenue Act, 26 U.S.C.A.Int.Rev.Code, § 23 note, further provided that these amendments were to be effective as though they were a part of each revenue act on the date of its enactment. Thus under the statutes applicable to the 1932 deductions, deduction of the expenses allocable to tax-exempt interest was allowable, while under the amendment of 1942 made specifically applicable to the taxable years involved herein, it was prohibited. Moreover, the same amendments designated expenses incurred by an individual in "the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income" as "non-trade or non-business expenses." The Tax Court correctly held that the effect of the amendments of 1942 was to deny deduction of items of the very character involved in this case, and since the decision here depends upon this new and changed law and not upon the earlier statutes, the doctrine of res judicata is not applicable. To sustain the taxpayer's contention would be to give her a vested right in a decision now clearly erroneous. Cf. Henricksen v. Seward, 9 Cir., 135 F.2d 986, 989, 150 A.L.R. 1

Moreover, the 1932 case did not cover the period of 1937 to 1941. The parties are the same, but the issues are not identical. The precise questions of fact were not litigated. Cf. Pelham Hall Co. v. Hassett, 1 Cir., 147 F.2d 63. The operations of the trust in 1932 were similar to the operations of the later years; but they were not "static events incapable of change." Henricksen v. Seward, supra, 135 F.2d 988.

Under the weight of authority, the principle of res judicata does not apply to decisions of the Tax Court involving separate taxable periods where the facts determined in the first decision were not unchangeable in nature. As persuasively stated in Stoddard v. Commissioner, 2 Cir., 141 F.2d 76, 80:

"The point as to res adjudicata falls when considered in the light of the statutory scheme of income taxation. Each taxable year is a separate taxable period; different taxes are involved, and the events of each period are given their significance in tax matters in the light of what actually took place in that taxable year."

To the same effect are Monteith Bros. Co. v. United States, 7 Cir., 142 F.2d 139; Commissioner v. Netcher, 7 Cir., 143 F.2d 484, certiorari denied, 323 U.S. 759, 65 S. Ct. 92. Cf. United States v. Stone & Donner Co., 274 U.S. 225, 47 S.Ct. 616, 71 L. Ed. 1013.

The taxpayer contends that the assessment and collection of these deficiencies is in any case barred by § 275(a), I.R.C., 26 U.S.C.A.Int.Rev.Code, § 275(a), which provides that "The amount of income taxes imposed * * * shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." The Tax Court held that the case is governed by § 275(c), which declares:

"If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

The taxpayer urges that the five-year limitation does not govern, upon the ground that the proposed increases in her income taxes result from the disallowance of deductions from gross income and not from omissions from gross income. The income of the taxpayer was increased by the amount of the deductions taken which was in excess of twenty-five per cent of the amount of gross income stated in the return. Since she did not report this amount in her return, she omitted it from gross income. The fact that the trustee in its return set out the entire trust income and deductions claimed does not relieve the taxpayer from her obligation to include these amounts in gross income. The omission falls squarely within the terms of § 275(c) and the five-year limitation applies.

Ketcham v. Commissioner, 2 Cir., 142 F. 2d 996; Foster's Estate v. Commissioner, 5 Cir., 131 F.2d 405; Ewald v. Commissioner, 6 Cir., 141 F.2d 750.

The decision of the Tax Court is affirmed.