Marie P. BAYLES, Plaintiff,

v.

Marion B. FOLSUM, as Secretary of the Department of Health, Education, and Welfare, Defendant.

No. 538–F.

United States District Court
N. D. West Virginia, at Fairmont.

Jan. 17, 1958.

George R. Farmer and George R. Farmer, Jr., Morgantown, W. Va., for plaintiff.

Albert M. Morgan, U. S. Atty., Fairmont, W. Va., for defendant.

HARRY E. WATKINS, Chief Judge.

The issue here is whether income received by the plaintiff as executrix and trustee under her husband's will constitutes "self-employment income" within the meaning of Section 212 of the Social Security Act, 42 U.S.C.A. § 412. The Appeals Council of the Social Security Administration, Department of Health, Education, and Welfare, reversed a ruling of one of its Referees, and made a finding that such income is not "self-employment income." Plaintiff brings this action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g), for a review of that decision.

As executrix and trustee under her husband's will, plaintiff had net earnings

of $4,000 in the year 1955, upon which she paid self-employment tax of $120. In the year 1956, she had $4,681.27 net income from the same source, and she paid self-employment tax of $126 on $4,200 of that income, being the maximum income taxed for Social Security purposes. Plaintiff has made application for old-age insurance benefits, and defendant refuses to include those sums in computing her benefits.

Section 211(a) of the Social Security Act, 42 U.S.C.A. § 411(a), defines net earnings from self-employment as meaning "the gross income, * * * derived by an individual from any trade or business carried on by such individual," with certain exceptions and deductions not here applicable.

The instant controversy then boils down to whether or not plaintiff's income from her fiduciary activities is income derived from a trade or business. Section 211(c) of the Social Security Act, 42 U.S.C.A. § 411(c), states:

"The term 'trade or business', when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162 of the Internal Revenue Code of 1954, * * *."

Section 162 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162, does not define the term "trade or business" but does allow a deduction in computing Federal income taxes of "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." In order to ascertain the meaning of "trade or business" in the Social Security Act, it thus becomes necessary to refer to the court decisions which have dealt with the term.

Defendant relies upon the case of United States v. Pyne, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231, which held that in computing the income tax of an estate, the estate was not entitled to deduct expenses properly incurred in the administration of the estate because the estate was not carrying on a business within the meaning of the statute. Defendant

particularly relies upon the following statement from that case:

"Nor can the judgment of the Court of Claims be supported by that court's statement that the executors were engaged 'in the business of conserving the estate and protecting its income.' Such activities are the traditional duty of executors. Executors who engage actively in trade and business are the exception and not the rule. Rather obviously, there could be clear cases where executors 'carry on * * * business' by continuing to operate a store, a factory or some other well known, well marked type of business activity. But in the absence of evidence showing activities coming within the general acceptation of the concept of carrying on a trade or business, it cannot be said as a matter of law that an executor comes into this category merely because he conserves the estate by marshalling and gathering the assets as a mere conduit for ultimate distribution. And determination of what constitutes 'carrying on * * * business' under the Revenue Act does not depend upon the size of the estate or the number of people whose services are required in order properly to conserve it." 313 U.S. at pages 131–132, 61 S.Ct. at page 895.

However, that case is not applicable here for the reason that here we are dealing with the tax return of the individual and not the tax return of the estate. This very real distinction was pointed out by Judge Soper in Wallace's Estate v. Commissioner of Internal Revenue, 4 Cir., 101 F.2d 604. In that case, the Commissioner cited cases which had held, as in the Pyne case, that the process of liquidation of an estate could not be considered as the carrying on of a trade or business by the estate, so as to deduct expenses of paying the testator's debts in computing the net income of the estate. Judge Soper stated:

"But these cases do not justify the holding that an executor or trustee

when he performs the duties of his position for pay is not engaged in business. The distinction between the activities of an estate and the activities of the representatives of the estate are obvious. There are many capacities of a business nature in which an individual or a corporation may serve an estate in the course of liquidation; and it is common knowledge that a substantial part of the business of certain corporations consists of the services which they render as executor or trustee for a specified compensation." 101 F.2d at page 606.

The Wallace case was quite similar in many respects to the case at bar. Mrs. Wallace was appointed co-executor of her husband's estate, and in the course of her duties in that capacity she paid a coexecutor, who acted as her agent in the performance of her duties to the estate, the sum of $10,000, which amount she sought to deduct as a business expense from commissions received by her of $26,860 in computing her individual income tax return. As here, the case was submitted on an agreed statement of facts. The stipulation set forth her duties and what she did in general terms. Under the will the executors had power to sell the assets of the estate and reinvest the proceeds. The estate did not operate any specific business enterprise. Mrs. Wallace did not regularly act as a fiduciary. The opinion states, at page 606 that "* * * [she] exercised her judgment as an executrix and performed all such work in connection with the administration of the estate as was possible for her to perform while absent from the jurisdiction in which the estate was being administered." The Board of Tax Appeals held that not enough was shown about the activities of Mrs. Wallace to enable them to determine whether or not these activities constituted a business, or whether the expenditure was an ordinary and necessary expense of that business, within the meaning of those terms, as

used in section 23(a) of the Revenue Act of 1932, C. 209, 47 Stat. 169, 179, 26 U. S.C.A. section 23(a) *, and disallowed the deduction. The Court of Appeals reversed that decision, however, and held that Mrs. Wallace should be allowed the deduction, stating:

"In our opinion the taxpayer was engaged in business within the meaning of the statute while performing the duties of executrix in the administration of the estate, * * *." 101 F.2d at page 608.

Defendant urges here that the Wallace case should be distinguished because it arose under income tax law and not under any Social Security provision, but this argument is not sound as the Social Security statute specifically refers to the Internal Revenue statute for interpretation of the term "trade or business," as set forth in the statutes quoted above. Defendant further urges that the Wallace case should not be followed because it involved an estate of $2,000,000, whereas, the plaintiff's decedent left an estate of $177,500. But this point is not well taken. As the Supreme Court pointed out in the Pyne case upon which defendant relies, it is not the size of the estate which determines what constitutes "carrying on * * * business."

In the present case, counsel have submitted an agreed statement of facts summarizing the record made up in the administrative hearings. The agreed statement indicates that plaintiff's testator made provisions in his will for certain life income payments to the widow, two sisters, one brother, one daughter and one granddaughter of decedent, with the remaining income of the estate and trust to be held and paid into a loan and scholarship fund for students of a designated class at West Virginia University. The will provided for a perpetual trust. During 1955 and 1956, plaintiff, with the assistance of counsel, performed the following duties of executrix and trustee: collection of income; investment and reinvestment of assets in securities speci-

* Now 26 U.S.C.A. (I.R.C.1954) § 162.

fied in the will; payment of income on a monthly basis to the individual beneficiaries; and periodic payments to the Board of Governors of West Virginia University for inclusion in the loan and scholarship grants made by the Board. In payment for carrying out these duties, plaintiff received a commission which is the subject of the present litigation. All these facts are admitted in the Agreed Statement of Facts. Certainly the plaintiff was as much in business in her activity as executrix and trustee of her husband's estate as Mrs. Wallace was in serving as co-executor of her husband's estate. Under these facts, it may clearly be stated of plaintiff, as was said by the Court of Appeals concerning Mrs. Wallace:

> "There can be no doubt that [she] undertook the duties of executrix with intent to secure compensation therefor; and there can be no doubt that the services rendered through her own efforts and through the instrumentality of her agent were of value to the estate. * * * it is not reasonable to infer that her services were insignificant, or to deny them the characterization of business activities, merely because they were described in the stipulation of fact in general terms rather than in specific detail." 101 F.2d at page 607.

Defendant contends that plaintiff was not engaged in a business because she served as a fiduciary only on this one occasion involving a single estate. This point also was rejected by Judge Soper in the Wallace case:

> " * * * no distinction arises because of the fact that the taxpayer was not regularly or continuously engaged in the business of performing the services of an executor. Section 23(a) of the Revenue Act of 1932 [a predecessor of 26 U.S.C.A. § 162, which is involved here] does not limit the right of a taxpayer to deduct expenses to business regularly carried on by him * * *." 101 F.2d at page 607.

Also see Rice v. Commissioner, 44 B.T.A. 749, and Commissioner of Internal Revenue v. Macy, 2 Cir., 215 F.2d 875, where a trustee was held to be engaged in a trade or business for income tax purposes, and entitled to a deduction for business expenses, although interested in only a single trust. And in a recent Tax Court case, a co-trustee of a single trust was held to be self-employed and was required to pay self-employment tax on $3,000 earned in performance of her duties as trustee. Clarke v. Commissioner, 1957, 27 T.C. 861. In that case the court stated:

> "In John Preston Rice, supra, the executor of a single estate required assistance in the performance of his duties. He claimed a deduction for attorneys' fees and clerical salaries as ordinary and necessary business expenses. We permitted him to take such deductions on the ground that he was engaged in the trade or business of being an executor. We see no distinction in that case and the one before us here. If the activities of the administrator of a single estate can constitute a trade or business, so can those of a trustee of one trust."

The duties of the trustee in the Clarke case were no greater than those of the present plaintiff. It is clear that if the fiduciary in the Clarke case was required to pay self-employment tax, then the plaintiff's income, and the self-employment tax she has paid thereon, should be considered in determining plaintiff's old-age insurance benefits.

Defendant makes one further attempt to avoid the binding effect in this case of the Wallace decision. It is pointed out by defendant that the Pyne case, and certain other Supreme Court decisions thereafter, formulated a new definition of "carrying on a * * * business," [313 U.S. 127, 61 S.Ct. 895] and this new definition was recognized and followed by the Court of Appeals for the Fourth Circuit in Helvering v. Highland, 124 F.2d 556. Defendant then reasons that

the Wallace case has been overruled, in effect. This argument ignores the fact that the Highland case, like the Pyne case, involved the tax return of the estate, whereas, the Wallace case concerned the tax return of the individual who had rendered services for compensation. In the case now under consideration, we are concerned with the type of income received by the individual administratrix-trustee, and not with whether the estate was carrying on a business. When this important distinction is kept in mind, it may be seen that the efficacy of the Wallace decision remains unimpaired by the later Pyne and Highland decisions.

Defendant cites the cases of Tallman v. Commissioner, 37 B.T.A. 1060, and Seidler v. Commissioner, 18 T.C. 256, but those cases are not applicable here because the fiduciaries in those cases received no fees, and asked for no fees, so they could not be carrying on a business for profit. Nor does the case of Federation Bank & Trust Co. v. Commissioner, 27 T.C. 960 affect the decision in this case. There a bank was allowed to deduct ordinary and necessary expenses involved in acting as a trustee, when computing the bank's income. Nothing in that case, however, indicates that an individual cannot also be engaged in carrying on a business when acting as a trustee.

In what I have heretofore said, I am not unmindful of Revenue Ruling 58–5 of the Internal Revenue Service, dated January 6, 1958, which states that non-professional fiduciaries who serve as executor or administrator in isolated instances will not, as a general rule, be treated as carrying on a trade or business unless there is a trade or business among the assets and the executor actively participates in the operation thereof. However, I am of the opinion that the facts of this case bring it clearly within the scope of the Wallace decision, supra, if not also within the scope of the last paragraph of Ruling 58–5, wherein it is stated:

"In some cases the activities of the executor of a single estate may constitute the conduct of a trade or business even though the assets of the estate do not include a trade or business as such. If, for example, an executor manages an estate which requires extensive management activities on his part over a long period of time, and examination of the facts may show that such activities are sufficient in scope and duration to constitute the carrying on of a trade or business."

It is to be remembered that the assets entrusted to plaintiff in her fiduciary capacity were of a substantial value requiring a certain amount of management in investing and reinvesting the funds. Further, plaintiff is trustee of a perpetual trust, so that her duties have extended over a long period of time, and will continue for an indefinite period of years. It is not a trust for her own benefit, but the bulk of the income is to go to West Virginia University for educational purposes. The fees earned by her are not unreasonable for the amount of work done, and do not appear to be a gratuity.

Defendant's administrative decision in this case is clearly erroneous and must be set aside. Plaintiff's activities constitute a trade or business within the meaning of the Statute. In my opinion, the income earned by this plaintiff as compensation for carrying out her substantial duties as administratrix and trustee constitutes "earnings from self-employment" within the meaning of the statute. Under the authority of the Wallace case, plaintiff is entitled to have the money earned in 1955 and 1956, upon which she paid self-employment tax, considered by defendant in computing her old-age insurance benefits.

Counsel may submit an order reversing defendant's ruling.