Anna J. McDOWELL

v.

Abraham A. RIBICOFF, Secretary of Health, Welfare and Education, Appellant.

No. 13386.

United States Court of Appeals Third Circuit.

Argued Feb. 10, 1961.

Decided June 16, 1961.

---

Ronald A. Jacks, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Chester A. Weidenburner, U. S. Atty., Morton Hollander, Atty., Department of Justice, Washington, D. C., on the brief), for appellant.

Virginia Barton Wallace, Philadelphia, Pa. (White & Williams, Philadelphia, Pa., on the brief), for plaintiff-appellee.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

This is an appeal by the Secretary of Health, Education and Welfare from a summary judgment in favor of the plaintiff, Anna J. McDowell. The issue presented is whether the court below erred in reversing the final decision of the Secretary that Mrs. McDowell's earnings as executrix of her aunt's estate did not constitute income derived from a trade or business and, therefore, were not "net earnings from self-employment" within the meaning of Section 211(a) of the Social Security Act, 42 U.S.C.A. § 411(a). The facts relevant to the question whether the plaintiff was engaged in the business of being an executrix are undisputed. They may be summarized as follows:

The plaintiff's aunt, Elizabeth M. Hunter, who had lived with the plaintiff for more than 25 years, died testate on June 9, 1955 leaving an estate valued at $123,-284.05. The plaintiff arranged for Miss Hunter's burial and, without the aid of counsel, effected probate of her will and was appointed executrix of her estate. As executrix, the plaintiff marshalled and distributed the assets. These consisted of a $4,000 mortgage on property owned by the plaintiff's husband, $877.94 in declared dividends, rights to $624.50 in income-tax refunds and various "blue chip" securities valued at $117,781.61. Miss Hunter left no real property or personal effects. Miss Hunter had had no trade or business and there was none to be carried on or disposed of.

The plaintiff was the principal beneficiary of the estate. Under the will she was entitled to securities with a total value of $47,604.00 and, in addition, her husband's $4,000 mortgage was cancelled. Cash bequests totalling $11,950 went to 23 other beneficiaries including 16 gifts of $200 each to grandnieces and nephews. The plaintiff and two of her sisters were the residuary legatees and divided among them securities valued at $49,812 in equal shares.

During the two years of her administration the plaintiff with the aid of an attorney, an accountant and, on occasion, a broker, performed the following specific acts and continuing activities on behalf of the estate:[1] assembling and preparing an inventory of the assets most of which consisted of stocks with a readily ascertainable market value; selling stocks to obtain cash for the payment of taxes and specific legacies, and for the satisfaction of debts amounting to $194.86; exercising discretion as to which of the securities to sell; reinvesting some of the proceeds in a single $14,000 United States Treasury note; paying 18 legacies to the parents of minors, instead of retaining them in trust; preparing and filing federal estate and income tax returns; determining and paying Social Security Taxes owed by the decedent; making dis-

---

[1] On the present record the extent of the accounting and legal aid provided can only be estimated from the fact that the accountant and attorney each received $3000 in fees over the 2 year period.

tribution of legacies; keeping various records; preparing refunding agreements and accounts.

The plaintiff received commissions for her services as executrix in the sum of $3,000 in 1955 and in the sum of $2,000 in 1956. In 1956 and 1957 she paid "social security tax" on these commissions. The plaintiff is now over 65 and has applied for old-age insurance benefits. Her claim was denied by the Bureau of Old Age and Survivors Insurance of the Social Security Administration, Department of Health, Education and Welfare, on the ground that the commissions received were not earnings derived from carrying on a trade of business. After a hearing at which the plaintiff testified and introduced documentary evidence relating to her position as executrix, a referee of the Social Security Administration reversed the Bureau's decision. The Appeals Council, on its own motion, reversed the referee and reinstated the Bureau's decision, reasoning that, "In the instant case, the claimant was a nonprofessional fiduciary who had acted in that capacity in estates of relatives in two previous isolated instances over a 25 year period. The estate consisted almost entirely of sound securities and there was no trade or business among the assets. This was a relatively simple estate to administer and there were no extensive management activities required of the claimant. The claimant had but to pay the few bills of the estate, receive dividends while she acted, distribute the estate, and see that taxes were paid. Within about seven months after the claimant was appointed executrix, all of the beneficiaries, except the residuary legatees had been paid. It appears that all tax matters concerning the estate had been taken care of by March 2, 1957, less than twenty-one months after she was appointed and at that time the estate was ready to be closed."

This action was commenced in the court below pursuant to Section 205(g)

of the Act, 42 U.S.C.A. § 405(g), which provides for review by a United States district court of final decisions of the Secretary. The court reversed the decision of the Appeals Council upon its finding that the "plaintiff in serving as executrix of the estate of Elizabeth M. Hunter was engaged in carrying on a trade or business, within the meaning of the Social Security Act and her remuneration constituted net earnings from self-employment." No opinion was handed down but judgment was entered in accordance with the finding. It is from this judgment that the Secretary appeals.

Section 211(a) provides that "The term 'net earnings from self-employment' means the gross income * * * derived by an individual from any trade or business carried on by such individual * *." Subsection (c) of Section 211 provides that "The term 'trade or business', when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in [Section 162 of the Internal Revenue Code of 1954][2] * * *." Section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 162(a) provides: "(a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." Thus, to determine whether the plaintiff was in the "trade or business" of being an executrix we must determine whether she would have been allowed to deduct all the ordinary and necessary expenses paid or incurred in the taxable year in carrying on her activities as executrix of the Estate of Elizabeth M. Hunter, pursuant to Section 162.

The Internal Revenue Code itself does not define the phrase "trade or business". Nor has any court formulated an explicit definition. On the contrary, it has been stated that "To determine whether the activities of a taxpayer are 'carrying on a business' requires an examination of the

---

2. Section 211(c) refers to Section 23 of the Internal Revenue Code of 1939, 26 U.S.C. § 23. In accordance with Section 7852(b) of the Internal Revenue Code of 1954, 26 U.S.C. § 7852(b) we will deem Section 211(c) to refer to Section 162 of the 1954 Code.

facts in each case." Higgins v. Commissioner, 1941, 312 U.S. 212, 217, 61 S.Ct. 475, 478, 85 L.Ed. 783. Broader criteria have been suggested. For example, it is generally agreed that to constitute a trade or business an activity must be initiated and carried on with the good faith intention of making a profit. See, e. g., International Trading Co. v. Commissioner, 7 Cir., 1960, 275 F.2d 578; Doggett v. Burnet, 1933, 62 App.D.C. 103, 65 F.2d 191, 194. In addition, it is frequently stated that " ' * * * carrying on any trade or business', within the contemplation of [§ 162] involves holding one's self out to others as engaged in the selling of goods or services." Deputy v. DuPont, 1940, 308 U.S. 488, 499, 60 S.Ct. 363, 369, 84 L.Ed. 416; White's Will v. Commissioner, 3 Cir., 1940, 119 F.2d 619, 621. The Supreme Court has held that an individual engaged in *investing and reinvesting his own assets is not engaged in carrying on a trade or business.* Higgins v. Commissioner, supra. Similarly, a trust or an estate is not carrying on a trade or business where the activities of the trustee or executor are confined to safeguarding and managing a fund of stocks and bonds and making safe investments and reinvestments. City Bank Farmers Trust Co. v. Helvering, 1941, 313 U.S. 121, 61 S.Ct. 896, 85 L.Ed. 1227; United States v. Pyne, 1941, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231. The question whether an executrix is engaged in the trade or business of being an executrix is, of course, not necessarily related to whether the particular estate that she is administering is engaged in carrying on a trade or business. Wallace's Estate v. Commissioner, 4 Cir., 1939, 101 F.2d 604.

It does not seem open to question that a professional fiduciary is engaged in a "trade or business." See, e. g., Commissioner of Internal Revenue v. Macy, 2 Cir., 1954, 215 F.2d 875; Abbott v. Commissioner, 38 B.T.A. 1290 (1938). On the other hand, it would seem that casual fiduciary, one who administers only a few estates on behalf of relatives, who is a principal beneficiary of the estates that he manages, and who is also not required to perform substantial and extensive management activities does not carry on a "trade or business" within the purview of Section 162. Cf. Commissioner v. Josephs, 168 F.2d 233, 237 (8 Cir., 1948). Thus, the Internal Revenue Service has promulgated a ruling dealing with this subject that provides, in pertinent part, as follows: "Generally, nonprofessional fiduciaries (that is, for example, persons who serve as executor or administrator in isolated instances, and then as personal representative for the estate of a deceased friend or relative) will not be treated as receiving income from a trade or business unless all of the following conditions are met:

(a) There is a trade or business among the assets of the estate, (b) The executor actively participates in the operation of this trade or business, (c) The fees of the executor are related to the operation of the trade or business. * * * In some cases the activities of the executor of a single estate may constitute the conduct of a trade or business even though the assets of the estate do not include a trade or business as such. If, for example, an executor manages an estate which requires extensive management activities on his part over a long period of time, an examination of the facts may show that such activities are sufficient in scope and duration to constitute the carrying on of a trade or business * * * *" Rev.Rul. 58–5, 1958 Cum.Bull. 322.

In rendering its decision in the present case the Appeals Council applied the criteria set forth in the portion of the ruling just quoted. The plaintiff argues that this part of the ruling is inconsistent with the holding of the Court of Appeals for the Fourth Circuit in Wallace's Estate v. Commissioner, 1939, 101 F.2d 604 and that, in applying it, the Appeals Council erred as a matter of law. In the Wallace case it was held that a nonprofessional executrix was engaged in carrying on a "business" despite the fact that she did not show that she engaged in extensive management activities. The court there held that her showing that she rendered services for profit, that the services were

of value and that the services were not "insignificant", was sufficient. In so concluding the court defined business as including " 'that which occupies the time, attention, and labor of men for the purposes of a livelihood or profit.' " This definition was quoted from Flint v. Stone Tracy Co., 1911, 220 U.S. 107, 171, 31 S.Ct. 342, 55 L.Ed. 389 which was a case in which the Supreme Court construed the corporation income tax law of 1909. Were we to accept this very broad definition of the term "business" as authoritative the plaintiff's position that the ruling is without basis in law would prevail. The Supreme Court has, however, in decisions rendered subsequent to the Wallace case, disapproved explicitly this broad definition in cases involving the construction of the phrase "trade or business" as used in Section 162. See Higgins v. Commissioner, 1941, 312 U.S. 212, 217, 61 S.Ct. 475; United States v. Pyne, 1941, 313 U.S. 127, 131, 61 S.Ct. 893. In Helvering v. Highland, 1942, 124 F.2d 556 the Court of Appeals for the Fourth Circuit has itself recognized that the term has been redefined since the decision in the Wallace case. We believe that the ruling of the Wallace case should not be adhered to in the light of subsequent expressions by the Supreme Court and the general trend of authority in this field.

■■ The phrase "trade or business" connotes something more than an act or course of activity engaged in for profit. Indeed, the Internal Revenue Code itself, in Section 165(c), 26 U.S.C. § 165(c), distinguishes between a "trade or business" on the one hand and a "transaction entered into for profit" on the other. The phrase "trade or business" must refer not merely to Acts engaged in for profit, but to extensive activity over a substantial period of time during which the Taxpayer holds himself out as selling goods or services. This is substantially the definition underlying the ruling of the Internal Revenue Service under discussion. Moreover, the ruling is a reasonable and accurate application of this definition to the question as to when a nonprofessional fiduciary is engaged in "trade or business". We hold, therefore, that the criteria set forth in the ruling and applied by the Secretary in the present case are fully supported by the statute and embody the governing principles in a case such as that at bar.

■ In this case the Appeals Council held that the plaintiff was not engaged in a trade or business on the basis of its finding that there were no extensive management activities required of her. This finding was an inference from the basic facts which we have set out. Section 205 (g) of the Act, pursuant to which this action was brought, provides that on review of the final decision of the Secretary "as to any fact, if supported by substantial evidence, shall be conclusive * * *." Therefore, if the Secretary's finding that the estate required no extensive management activities is supported by substantial evidence the court below was in error in reversing the Secretary's decision. Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75. We have pointed out that there was no trade or business among the assets of the estate. Nor was there any real property which might have required management and maintenance. We have further pointed out that the great bulk of the estate consisted of readily marketable high grade stocks. Thus, problems of valuation, sale and discretionary judgment with respect to these stocks were at a minimum. Moreover, the estate had almost no debts. Furthermore, although taxes had to be determined and paid, and although there were some problems arising in this respect, the tax situation does not appear to have presented any substantial difficulties. Under the circumstances we cannot say that the Secretary's finding that no extensive management activities were required of the plaintiff was unsupported by substantial evidence. We hold, therefore, that the court below erred in reversing the decision of the Secretary.

The judgment will be reversed with the direction to enter judgment for the defendant.