T.C. Summary Opinion 2003-80

UNITED STATES TAX COURT

GERARD L. SCHROEDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5473-02S.                    Filed June 19, 2003.

Gerard L. Schroeder, pro se.

<u>Carroll D. Lansdell</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $2,738 in petitioner's Federal income tax for the taxable year 1999. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; and (2) whether petitioner is entitled to the child tax credit.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Short Hills, New Jersey.

Petitioner was married to Deborah D. Schroeder (Ms. Schroeder) on December 27, 1980. The couple had three children from the marriage: David Schroeder, born July 14, 1985, Samantha Schroeder, born July 23, 1988, and Denton Schroeder, born July 16, 1992 (collectively, the children).

Petitioner and Ms. Schroeder were divorced on April 18, 1994. The transcript of the divorce proceeding (transcript), dated April 18, 1994, was incorporated into the Dual Final Judgment of Divorce, which was dated June 24, 1994. Petitioner and Ms. Schroeder both acknowledged at the divorce proceeding that the agreements made in the transcript were enforceable, even without the signature of either party. Ms. Schroeder did not sign any documents in relation to the transcript.

The transcript contained the Support and Custody Agreement (agreement) entered into voluntarily and willingly by petitioner

and Ms. Schroeder.  The agreement called for petitioner and Ms. Schroeder to have joint legal custody of the children, with Ms. Schroeder having primary, physical custody.  Petitioner testified that the children resided with Ms. Schroeder for more than half of the 1999 taxable year.  In addition, petitioner testified that he and Ms. Schroeder collectively provided all the support for the children during 1999, but he provided the majority of the that support.

The agreement also contained a provision that petitioner was "entitled to receive all exemptions, deductions and the like on his [Federal] income tax returns with respect to all three children."  In preparing his 1999 Federal income tax return, petitioner claimed three dependency exemption deductions and the child tax credit with respect to the children.  Petitioner claimed the deductions relying on the terms of the agreement. However, petitioner did not attach to his 1999 tax return a written declaration signed by Ms. Schroeder stating that she would not claim the children as dependents during the 1999 taxable year.

In the statutory notice of deficiency, respondent disallowed the dependency exemption deductions and the child tax credit on grounds that petitioner had not established entitlement to either.

We decide the deficiency issue in this case on the basis of

the record without regard to the burden of proof. Accordingly, we need not decide whether the general rule of section 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Dependency Exemptions

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer. Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer during the calendar year. However, special rules apply in the case of a child of divorced parents. See sec. 152(e).

Pursuant to section 152(e)(1), if a child receives over half of his support during the calendar year from divorced parents, and such child is in the custody of one or both parents for more than one-half of the calendar year, then such child is treated for purposes of section 152(a) as receiving over half his support from the parent having custody for a greater portion of the calendar year. This special rule applies regardless of which parent actually provided the support. Sec. 152(e)(1).

For purposes of section 152(e), the parent having custody for a greater portion of the calendar year is referred to as the "custodial parent", and the term "noncustodial parent" means the parent who is not the custodial parent.

There are three exceptions to the support test determined in section 152(e)(1). Under these exceptions, the noncustodial parent is treated as providing over half of a child's support if: (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year; (2) pursuant to section 152(e)(3), there is a multiple support agreement between the parties as provided in section 152(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, provided that certain other requisites, not pertinent here, are met.

Since Ms. Schroeder had physical custody of the children for a greater portion of 1999 than did petitioner, she is the custodial parent, and petitioner is the noncustodial parent for purposes of section 152(e). Accordingly, petitioner is allowed the dependency exemption deductions only if one of the three exceptions in section 152(e) is met. However, none of the exceptions apply. Petitioner failed to attach a signed written declaration to his tax return, no evidence was presented with respect to a multiple support agreement, and no qualified pre-1985 instrument exists.

Petitioner argues that since the agreement explicitly grants the dependency exemption deductions to him and states that the agreement is enforceable even if not signed, he is entitled to the deductions. However, language in a divorce decree purportedly giving a taxpayer the right to an exemption deduction does not entitle the taxpayer to the deduction in the absence of a signed written declaration required by section 152(e)(2). Miller v. Commissioner, 114 T.C. 184 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Since petitioner attached no declaration whatsoever to his 1999 tax return, he is not entitled to the dependency exemption deductions claimed for the year at issue.

Petitioner further argues that he should be allowed the deductions in 1999 because respondent allowed the same deductions in 1994, 1995, 1996, 1997, and 1998, even though no such written declaration was attached to his tax return in those years. Petitioner's argument must fail because each taxable year stands on its own and must be separately considered. See United States v. Skelly Oil Co., 394 U.S. 678 (1969). Respondent is not bound in any given year to allow the same treatment permitted in a previous year. See Lerch v. Commissioner, 877 F.2d 624, 627 n.6 (7th Cir. 1989); Knights of Columbus Council No. 3660 v. United States, 783 F.2d 69 (7th Cir. 1986); Corrigan v. Commissioner, 155 F.2d 164 (6th Cir. 1946). Taxpayers have no right to

continue a prior tax treatment that was wrong either on the law or under the facts.  See Thomas v. Commissioner, 92 T.C. 206, 226-227 (1989).  "The mere fact that petitioner may have obtained a windfall in prior years does not entitle * * * [him] to like treatment for the taxable year here in issue."  Union Equity Coop. Exch. v. Commissioner, 58 T.C. 397, 408 (1972), affd. 481 F.2d 812 (10th Cir. 1973); see also Schaeffer v. Commissioner, T.C. Memo. 1994-227.

Child Tax Credit

A credit generally is allowed to a taxpayer for each qualifying child of the taxpayer.  Sec. 24(a).  Among other requirements, a qualifying child is one for whom the taxpayer is entitled to a dependency exemption deduction under section 151. Sec. 24(c)(1)(A).

Because we determined above that petitioner is not entitled to the dependency exemption deduction for his children for the 1999 taxable year, he also is not entitled to the child tax credit.  Id.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.